744

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT M. EANES, Appellant.— Appeal by defendant from a judgment of the County Court, Rockland County, rendered March 7, 1972, convicting him of possession of a dangerous drug in the fourth degree, upon a jury verdict, and imposing sentence. The notice of appeal is hereby amended to show therein that the correct date of the judgment is March 7, 1972 and not December 31, 1971. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. On June 18, 1971, a search, pursuant to a warrant, was made of a beauty parlor operated by defendant and owned by his wife. The search revealed two containers of heroin and some cash concealed in two closets. Defendant argued at the trial that he was being framed by a named police informant and possibly even members of the Rockland County Police Department. The defense allegedly tried unsuccessfully to interview a Mrs. Jefferson, a female patron who was in the beauty parlor when the police came to execute the search warrant. The defense was informed by Mrs. Jefferson's mother that Mrs. Jefferson was ill and would not be able to testify at a trial. Mrs. Jefferson, however, appeared at the trial at the prosecutor's request. When defense counsel saw her in a hallway in court, he attempted to speak with her, but was prohibited from doing so by the prosecutor. The trial court thereafter refused a defense counsel request to be allowed to speak to Mrs. Jefferson with a view to possibly calling her as a witness. The court ruled, "If you wish to use her you go ahead and * * * [call] her, but you can't interrogate a witness that the District Attorney intends to use before the witness takes the stand." In our opinion, this was error. We know of no rule or law which prohibits defense counsel from interviewing a person who has appeared at the request of the prosecutor, especially under the facts of this case, where defense counsel had been informed that the person in question would be unavailable. We are also of the opinion that the trial court erred in allowing, over objection, one Kathleen Bellamy to testify in rebuttal that at a time prior to the time of the commission of the crime she had observed the defendant "cutting" and mixing heroin. The prosecutor placed that testimony into evidence because defendant, on cross-examination, had denied ever having heroin in his possession. We view this as error, because (1) a cross-examiner may not refute a witness' answers on collateral matters by calling other witnesses or by producing extrinsic evidence (*People* v. *McCormick,* 303 N. Y. 403; see, also, Richardson, Evidence [9th ed.], § 503); and (2) Miss Bellamy refused to testify completely on cross-examination — asserting her right against self incrimination with respect to certain defense questions pertaining to the indictment pending against her for criminally selling dangerous drugs (See *People* v. *Cole,* 43 N. Y. 508; *Matter of Mezger,* 154 Misc. 633). Finally, we are of the opinion that the prosecutor's summation, albeit without defense objection, was prejudicial in that it far exceeded the bounds of fair comment. The prosecutor commented about facts not in evidence, especially in his explanation as to why the police's confidential informant (who defendant claims framed him, but who allegedly could not be found at the time of trial) was not produced at the trial to testify against defendant. Rabin, P. J., Hopkins, Munder, Shapiro and Brennan, JJ., concur.