suppression court erred in denying his motion to exclude evidence of observations made by the police during a search of his business. There is no merit to defendant's claim that his father did not have the authority to consent to the search. In our view, the circumstances at the time of the search reasonably indicated that defendant's father had apparent authority to consent to the search and voluntarily did so *(see, People v Adams,* 53 NY2d 1, *cert denied* 454 US 854).

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Dadd, J.—aggravated harassment.) Present—Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FARRARO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of both intentional murder and felony murder for the slaying of the manager of a gasoline station in the course of a robbery at the station. The proof of defendant's guilt was overwhelming. He had been employed at the gasoline station some weeks before the robbery and slaying and had knowledge of the procedures used in retrieving the money from the safe and, particularly, was aware of the fact that the manager arrived with the keys to the safe early in the morning, at least 15 minutes before the arrival of the other employees. He had access to the murder weapon, which was kept in a gun cabinet in his father's home. He visited his father's home shortly before and after the robbery and murder. On the day after the robbery, in which $3,225 was stolen, defendant deposited $1,000 in cash in a newly opened bank account and also spent approximately $1,300. Weeks before the robbery, his bank account had a zero balance and he had closed it. He lied to the police about his whereabouts on the day of the crime. He confessed to his girlfriend that he had committed the robbery, but denied that he did the shooting, and he told her that he had stayed at a motel near the airport after the crime so that he could fly out of town if "anything happened". He also told her before he was arrested that he had gone to Batavia to arrange an alibi. Finally, his trial testimony, in which he attempted to establish an alibi and to explain his sudden acquisition of a large amount of cash, was inherently unbelievable.

On appeal, defendant argues that his conviction should be reversed because the prosecutor improperly impeached his

own witness and because the court's charge on alibi was in error. In view of the overwhelming proof of guilt, the prosecutor's improper impeachment of his own witness was harmless *(see, People v Saez,* 69 NY2d 802, 804). The court's charge on alibi, when viewed as a whole, conveyed to the jury the correct principle of law *(see, People v Victor,* 62 NY2d 374). The court charged the jury that the burden of proof was upon the People to disprove the alibi. Although the court did not add at that point in the charge the words "beyond a reasonable doubt", in other portions of its charge it fully and adequately defined the standard of the People's burden of proof as "beyond a reasonable doubt".

We have reviewed the issues raised in defendant's *pro se* brief and find them to be without merit. (Appeal from judgment of Monroe County Court, Wisner, J.—murder, second degree.) Present—Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.