■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KURT ANDERSON, Appellant. [599 NYS2d 976] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered September 12, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, the defendant contends that his alibi witness was more believable than the complainant and that the complainant lacked a sufficient opportunity to view his assailant so as to make a proper identification. However, it is well settled that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that

the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that the court's alibi charge improperly suggested that he had the burden of proving the alibi defense has not been preserved for appellate review since he failed to object to the charge on this ground (see, CPL 470.05 [2]; People v Whalen, 59 NY2d 273, 280; People v Seabrooks, 120 AD2d 691, 692; People v Andrews, 109 AD2d 939, 941). In any event, while the defendant has quoted out of context certain phrases that have at times been deemed inappropriate, the record reveals that the court, on numerous occasions throughout the charge, made it clear that the burden of proof and the burden of disproving the alibi fell upon the People. We conclude that the court's charge, when viewed as a whole, conveyed to the jury the correct principle of law (see, People v Canty, 60 NY2d 830; People v Farraro, 168 AD2d 996; People v Green, 154 AD2d 616; People v Azzara, 138 AD2d 495).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Rosenblatt and Miller, JJ., concur.