■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERWIE RICHARDSON, Appellant. [652 NYS2d 173] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment convicting him of four counts of murder in the second degree and related charges stemming from two shootings that occurred in Rochester on October 30, 1991. Defendant and his two codefendants were tried before three separate juries. Over defendant's objection, Supreme Court submitted an annotated verdict sheet to the jury that identified distinguishing characteristics of each of 14 counts of the indictment submitted to the jury. That was error (*see, People v Damiano*, 87 NY2d 477). Although the statute in question (CPL 310.20 [2]) has subsequently been amended by the Legislature to allow annotated verdict sheets similar to the one employed by the court in this case (L 1996, ch 630, § 2), application of the statute is not retroactive. In addition, the statute requires the court to instruct the jury that the sole purpose of the annotations on the verdict sheet is to distinguish between the counts of the indictment charging a violation of the same section of the law (CPL 310.20 [2]). The court did not give an instruction similar to that now required by the statute. "[A]ny potential prejudice to the deliberative process arising from the jurors' consideration of statutory material cannot be evaluated because there is no record of their deliberations" (*People v Damiano, supra*, at 482). We have considered defendant's remaining arguments and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Murder, 2nd Degree.) Present— Denman, P. J., Fallon, Wesley, Balio and Davis, JJ.