THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE MIKEL, Appellant. [654 NYS2d 907] —Judgment unanimously reversed on the law and new trial granted. Memorandum: We agree with defendant that the submission of an annotated verdict sheet to the jury requires reversal (see, People v Richardson, 234 AD2d 952; see also, People v Damiano, 87 NY2d 477). We reject defendant's contention that a witness did not have an independent basis for her in-court identification of defendant. The suppression court concluded that the photo array identification procedure was impermissibly suggestive and held a hearing to determine whether the witness had an independent basis for her identification of defendant. The witness testified that she saw defendant less than a week before the incident in question and observed a frontal view of him in broad daylight. She further testified that she was a passenger in a car with defendant for several hours that same day and that she was in a vehicle with defendant for several hours the night of the incident. Supreme Court properly concluded that there was an independent basis for the witness's identification (see, People v Bostic [appeal No. 2], 222 AD2d 1073, lv denied 88 NY2d 876; see also, People v Bones, 125 AD2d 931, lv denied 69 NY2d 824; People v Siplin, 120 AD2d 933, lv denied 68 NY2d 817). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.