■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD J. GERSTNER, Appellant. (Appeal No. 1.) [706 NYS2d 542] —Judgment unanimously reversed on the law and new trial granted on counts one and two of the indictment. Memorandum: Supreme Court erred in submitting to the jury an annotated verdict sheet distinguishing the two counts charging driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) without first permitting defense counsel to review the verdict sheet and obtaining his consent (*see, People v Damiano,* 87 NY2d 477, 483). Contrary to the People's contention, "the lack of an objection to the annotated verdict sheet by defense counsel cannot be transmuted into consent" (*People v Damiano, supra,* at 484). The consent of defense counsel may not be inferred from his silence where the record contains no indication that defense counsel had the opportunity to review the verdict sheet prior to its submission to the jury (*see, People v Damiano, supra,* at 484; *cf., People v Angelo,* 88 NY2d 217, 224; *People v Fecunda,* 226 AD2d 474, 475, *lv denied* 88 NY2d 936). We note that CPL 310.20 (2) has been amended to allow the submission of annotated verdict sheets similar to the one used by the jury in this case, but the amendment does not apply retroactively to defendant's trial (*see,* L 1996, ch 630, § 3;

*People v Richardson,* 234 AD2d 952, *lv denied* 89 NY2d 988). We reject the contention of defendant that his fundamental right to be tried and convicted of only those crimes charged in the indictment was violated because the People offered proof of an unindicted act of driving while intoxicated (*cf., People v George,* 255 AD2d 881; *People v McNab,* 167 AD2d 858; *see generally, People v Grega,* 72 NY2d 489, 495-496). The court's charge to the jury eliminated any "danger that the jury convicted defendant of an unindicted act or that different jurors convicted defendant based on different acts" (*People v Whitfield,* 255 AD2d 924, *lv denied* 93 NY2d 981).

Following his conviction after trial of two counts of felony driving while intoxicated, defendant entered a plea of guilty to an unrelated charge of felony driving while intoxicated with the understanding that his sentence would run concurrently with the sentence imposed upon his prior conviction. Because the prior conviction is reversed (appeal No. 1), reversal of the subsequent conviction is also required (appeal No. 2) (*see, People v Fuggazzatto,* 62 NY2d 862; *People v Walker,* 210 AD2d 1002). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Hayes, Hurlbutt and Lawton, JJ.