■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. BIGNESS, Appellant. [813 NYS2d 570]—

Mugglin, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered June 13, 2005, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

Defendant entered a plea of guilty to grand larceny in the fourth degree, waived his right to appeal, and was sentenced to a term of imprisonment of 1 to 3 years and restitution. He now appeals, contending that County Court lacked geographical jurisdiction over the alleged offense.

As an employee of the Disabled American Veterans (hereinafter DAV), defendant was given two separate checks, both payable to the Syracuse Disabled American Veterans' Transportation in the aggregate sum of $10,000, for the purpose of purchasing a new van to provide transportation services to veterans in St. Lawrence County. The checks were delivered to

defendant in Jefferson County and he deposited them in his personal account in a bank in Onondaga County and, thereafter, used the funds for his personal expenses. Following arraignment, defendant sought dismissal of the indictment, claiming that St. Lawrence County lacked geographical jurisdiction since no element of the offense charged occurred in St. Lawrence County (*see generally* CPL 20.40). County Court denied defendant's motion, finding a sufficient nexus because the offense was a result offense as the theft of the money occurred in St. Lawrence County.

As a preliminary matter, we grant defendant's unopposed request that the notice of appeal be amended to reflect a judgment of conviction of one count of grand larceny in the fourth degree rendered on June 13, 2005 (*see People v Eanes,* 43 AD2d 744, 744 [1973]).

As to the merits, the concept of geographical jurisdiction, or venue, relates to the proper criminal court in which a defendant may be convicted for the offense charged (*see generally* CPL 20.40). The offense of grand larceny in the fourth degree requires, among other things, that the prosecution establish beyond a reasonable doubt that defendant stole property (*see* Penal Law § 155.30 [1]). A person steals property when, with intent to deprive another of such property or to appropriate the same to himself or herself, he or she wrongfully takes, obtains or withholds such property from an owner thereof (*see* Penal Law § 155.05 [1]). A person obtains property when he or she brings about the transfer of property or a legal interest therein (*see* Penal Law § 155.00 [2]). Applying these principles, it is clear that when defendant deposited the checks into his bank account in Onondaga County, he triggered a request of the transfer of funds from DAV's account in St. Lawrence County and gained control over the money belonging to DAV (*see People v Calandra,* 117 Misc 2d 972, 977-978 [1983]; *see also People v Singh,* 24 AD3d 896 [2005]). As the actual obtaining of the funds occurred in St. Lawrence County, it acquired appropriate geographical jurisdiction (*see* CPL 20.40 [1] [a]; *People v Axentiou,* 158 Misc 2d 19, 21-22 [1993]). We do note, however, that County Court's reliance upon the offense being a result offense as an appropriate basis for geographical jurisdiction is misplaced (*see People v Axentiou, supra* at 22). In view of the foregoing, defendant's request to be permitted to withdraw his plea because he entered it while still contesting the court's geographical jurisdiction is without merit.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.