■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS WILSON, Appellant. [843 NYS2d 899]—

1410

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered February 1, 2006. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, and, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [2]), and, upon his plea of guilty, of criminal possession of a weapon in the third degree (§ 265.02 [4]).

Contrary to the contention of defendant, we conclude that County Court did not err in refusing to suppress the victim's in-court identification of him. "[I]t is well-settled that even when an identification is the product of a suggestive pretrial identification procedure, a witness will nonetheless be permitted to identify a defendant in court if that identification is based upon an independent source" (*People v Campbell*, 200 AD2d 624, 625 [1994], *lv denied* 83 NY2d 869 [1994]). Here, the victim testified that he had seen defendant on several occasions prior to the day of the shooting. Further, he had seen defendant on the day of the shooting, both on the porch of the house across

the street during daylight hours and when they argued across the street from each other. He also observed defendant that day when, inter alia, defendant pulled up to the victim's car in his own car and argued with the victim. Finally, the victim saw defendant as he drove up in his vehicle and shot him. The victim observed defendant at least three times on the day in question prior to the actual shooting. There is thus clear and convincing evidence to support the court's determination that the victim had an independent basis for his in-court identification of defendant (*see People v Mikel*, 237 AD2d 982 [1997]; *see generally People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). Defendant failed to preserve for our review his further contention that he was denied a fair trial because the prosecutor cross-examined his alibi witnesses without laying a proper foundation (*see* CPL 470.05 [2]) and, in any event, that contention lacks merit. The prosecutor laid a proper foundation for cross-examining those witnesses with respect to their failure to come forward with their alibi evidence by establishing that they were aware of the nature of the charges pending against defendant, had reason to believe that they possessed exculpatory information, had reasonable motives for acting to exonerate defendant, and were familiar with the means of making such information available to law enforcement authorities (*see People v Dawson*, 50 NY2d 311, 321 [1980]). Defendant's further contention that the related jury charge invaded the province of the jury is without merit (*see generally People v Farraro*, 168 AD2d 996 [1990], *lv denied* 77 NY2d 905 [1991]).

Defendant's contention that the prosecutor's reasons for exercising a peremptory challenge with respect to an African-American prospective juror were pretextual is unpreserved for our review because defendant failed to articulate any reasons supporting his belief that the prosecutor's explanations were pretextual (*see People v Bodine*, 283 AD2d 979 [2001], *lv denied* 96 NY2d 898 [2001]). In any event, the court properly determined that defendant did not meet "his 'ultimate burden of persuading the court that the [explanations] were merely a pretext for intentional discrimination' " (*People v Scott*, 31 AD3d 1165, 1165 [2006], *lv denied* 7 NY3d 851 [2006], quoting *People v Smocum*, 99 NY2d 418, 422 [2003]). The prosecutor stated that, much like another prospective juror dismissed by him, the prospective juror was "involved" in a counseling-type setting and had the disposition of a social worker to "help" rather than to "prosecute."

We reject the further contention of defendant that the prosecutor intentionally provoked a mistrial and thus that his

retrial was barred by double jeopardy. Although the prosecutor failed to instruct a police witness in accordance with the court's instructions that defendant's possession of a gun should not be mentioned, that failure "does not constitute th[e] type of prosecutorial overreaching . . . requiring the barring of reprosecution on the ground of double jeopardy" (*People v Copeland*, 127 AD2d 846, 847 [1987]).

We reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The victim and another prosecution witness testified that defendant pulled out a gun as he was sitting in the driver's seat of his car and fired two shots at the victim. "The jury was entitled to resolve issues of credibility in favor of the People" (*People v Walek*, 28 AD3d 1246, 1246 [2006], *lv denied* 7 NY3d 764 [2006]), and we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's further contention, the sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit.

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of criminal possession of a weapon in the third degree under Penal Law § 265.03 (2), and it must therefore be amended to reflect that he was convicted of criminal possession of a weapon in the second degree (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Pine, JJ.