# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1103
KA 13-00307
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ANGEL MALDONADO, DEFENDANT-APPELLANT.

---

ANGEL MALDONADO, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell
P. Buscaglia, A.J.), rendered January 7, 2013. The judgment convicted
defendant, upon a jury verdict, of grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant, proceeding pro se, appeals from a
judgment convicting him upon a jury verdict of grand larceny in the
third degree (Penal Law former § 155.35). Contrary to defendant's
contention, the People established by a preponderance of the evidence
that Supreme Court, Erie County, has geographical jurisdiction (*see
People v Bigness*, 28 AD3d 949, 950, *lv denied* 7 NY3d 810; *see
generally People v O'Connor*, 21 AD3d 1364, 1365, *lv denied* 6 NY3d
757). Defendant's further contention that geographical jurisdiction
was not established at the grand jury proceeding is not properly
before us on this direct appeal from the judgment inasmuch as
"prohibition is the proper remedy for . . . a challenge [to the
geographical jurisdiction to indict and to prosecute]" (*Matter of
Steingut v Gold*, 42 NY2d 311, 316; *see Matter of Hogan v Culkin*, 18
NY2d 330, 336).

Defendant's contention that the court erred in failing to dismiss
the indictment as a sanction for the failure of the People to disclose
certain audio recordings that constituted *Brady* material lacks merit.
"The determination of what is [an] appropriate [sanction] is committed
to the trial court's sound discretion, and while the degree of
prosecutorial fault may be considered, the court's attention should
focus primarily on the overriding need to eliminate prejudice to the
defendant" (*People v Martinez*, 71 NY2d 937, 940; *see People v Kelly*,
62 NY2d 516, 520-521). Here, the court declared a mistrial in the
first trial before the People rested their case upon learning that the
People had committed a *Brady* violation by failing to disclose evidence

of certain telephone conversations between defendant and the victim, the recordings of which had been routinely destroyed following a one-year period.  At the second trial, the sanction imposed by the court for the *Brady* violation was to preclude the People from using any of the audio recordings of telephone conversations in their possession.  Under the circumstances of this case, we conclude that dismissal of the indictment was not required as a consequence of the *Brady* violation where, as here, a "less drastic sanction[] . . . cured any prejudice" (*Kelly*, 62 NY2d at 518-519).  Defendant's further contention that the People failed to disclose certain *Rosario* material is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  Defendant's contention that the second trial was barred by double jeopardy also lacks merit.  Here, defendant prevented a verdict at the first jury trial by seeking a mistrial and, contrary to defendant's contention, nothing in the record reflects that the prosecutor intentionally provoked a mistrial at the first trial (*see generally Matter of Gorghan v DeAngelis*, 7 NY3d 470, 473-474; *People v Wilson*, 43 AD3d 1409, 1411-1412, *lv denied* 9 NY3d 994; *People v Abston*, 229 AD2d 970, 970-971, *lv denied* 88 NY2d 1066).  To the extent that defendant contends that the second trial was barred because the evidence at the first jury trial was legally insufficient, that contention also fails.  Although "[i]t is . . . true that considerations of double jeopardy will bar a second attempt by the People to adduce legally sufficient evidence of guilt after they have been unsuccessful in one *full and fair opportunity* to do so" (*Rafferty v Owens*, 82 AD2d 582, 584 [emphasis added]), here defendant moved for a mistrial before the People had a full and fair opportunity to present their case.

Viewing the evidence at the second jury trial in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that it is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).  Moreover, viewing the evidence at the second trial in light of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we also conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Defendant's further contention that the court erred in denying his motion to dismiss the indictment for legal insufficiency of the grand jury evidence is not reviewable where, as here, the judgment of conviction is based on legally sufficient trial evidence (*see People v Smith*, 4 NY3d 806, 808; *People v Lane*, 106 AD3d 1478, 1481, *lv denied* 21 NY3d 1043).

Entered:  November 21, 2014                        Frances E. Cafarell
                                                   Clerk of the Court