# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2020-NMCA-047**

**Filing Date: April 21, 2020**

**No. A-1-CA-37836**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**JOSEPH A. GRUBB,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Judge**

Certiorari Denied, July 17, 2020, No. S-1-SC-38321. Released for Publication November 24, 2020.

Hector H. Balderas, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellee

## OPINION

**VARGAS, Judge.**

**{1}** The State appeals the district court's dismissal of one count of identity theft, contrary to NMSA 1978, Section 30-16-24.1(A) (2009), and seventeen counts of forgery, contrary to NMSA 1978, Section 30-16-10(A)(1) (2006), committed in Lea County, for the State's failure to join those charges under Rule 5-203(A) NMRA with Defendant's escape from jail charge, NMSA 1978, § 30-22-8 (1963), in Otero County.

The State challenges whether the offenses Defendant allegedly committed in Lea County are, under Rule 5-203(A)(2), "based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan" as the offense Defendant was convicted of in Otero County; and, if so, whether the State is required to join offenses under Rule 5-203(A) when the offenses were committed in different counties located in different judicial districts—an issue of first impression for our courts. Concluding under the circumstances of this case that the charges in Lea County were erroneously dismissed in light of our statutory and constitutional venue requirements, we reverse.

## BACKGROUND

**{2}** This appeal arises from offenses charged in separate counties located in different judicial districts. The forgery and identity theft charges, which were dismissed in the case at bar, were brought in Lea County (the Lea County offenses), located in the Fifth Judicial District, whereas the escape from jail charge was brought in Otero County (the Otero County offense), located in the Twelfth Judicial District. We set forth the relevant factual and procedural backgrounds of each case leading up to the present appeal.

### Otero County Offense

**{3}** While on probation, Defendant was arrested and charged with unrelated crimes. The district court revoked his probation and granted him furlough until the imposition of his sentence on December 31, 2011, at which time he was required to turn himself into the custody of the Otero County Detention Center. Defendant failed to turn himself in on December 31, 2011, and was charged with one count of escape from jail.

### Lea County Offenses

**{4}** In 2013 Defendant identified himself with his half-brother's name and personal information while being arrested, booked into jail, and appearing in court on unrelated offenses.[1] Based on these actions, the State charged Defendant with identity theft and forgery.

### Proceedings in Otero County

**{5}** Prior to trial for the Otero County offense, the district court denied Defendant's motion in limine to exclude testimony about the Lea County offenses, ruling that the circumstances surrounding the Lea County offenses were "probative of the elements of the crime [with which D]efendant is currently charged." During trial, the State explained in its opening statement that the Lea County offenses were "evidenc[e of] a continuing intent not to come back, not to turn himself in, and to avoid [the district court's] order." Further, in its closing argument, the State argued Defendant's use of his half-brother's

---

[1]The facts underlying the arrests and charges were not made part of the record.

name was part of his ongoing effort to avoid a sentence and commitment in the conviction for the Otero County offense. Explaining Defendant's motive to use a different identity when being arrested in Lea County, the State argued Defendant was "living a lie" and wanted to go to jail under his half-brother's name because he "want[ed] to hide." Defendant was found guilty of escape from jail in the Otero County offense.[2]

**Proceedings in Lea County**

**{6}** Defendant filed a motion to dismiss the Lea County offenses with the Fifth Judicial District Court for failure to join those offenses with the Otero County offenses pursuant to Rule 5-203(A). In its response to the motion to dismiss, the State contended that (1) the "crimes in Lea County were presented at trial on the Otero County case pursuant to Rule 11-404(B) [NMRA]" as evidence of "[D]efendant's intent in not returning from the furlough"; (2) Rule 5-203 neither allows for nor requires joinder of offenses when those offenses are not of the same or similar character or based on the same conduct; and (3) "the rule does not contemplate joinder of offenses in one indictment or information in which venue lies in different jurisdictions." The district court granted Defendant's motion, dismissing the Lea County offenses for failure to join. This appeal followed.

**DISCUSSION**

**{7}** The State raises the following issues on appeal: (1) whether compulsory joinder under Rule 5-203(A) was appropriate given the facts underlying the Otero County offense and the Lea County offenses; and (2) whether Rule 5-203(A) applies to offenses committed in multiple judicial districts. As our holding with respect to the inapplicability of Rule 5-203(A) to offenses committed in multiple counties located in different judicial districts is dispositive of the matter, we need not address whether joinder is appropriate under the circumstances.

**{8}** Rule 5-203(A) requires joinder of two or more offenses in one complaint, indictment, or information if the offenses "(1) are of the same or similar character, even if not part of a single scheme or plan; or (2) are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan."[3] The State challenges our compulsory joinder rule's applicability when the offenses at issue were committed in two separate counties, located in different judicial districts. Whether Rule 5-203(A) required joinder in these circumstances is a question of law we review de novo. *See State v. Webb*, 2017-NMCA-077, ¶ 11, 404 P.3d 804 ("The question of whether offenses must be joined under Rule 5-203(A) is a question of law that we review de novo."); *State v. Aragon*, 2017-NMCA-005, ¶ 7, 387 P.3d 320

---

2We recently reversed Defendant's conviction for escape from jail and remanded for a new trial in *State v. Grubb*, 2020-NMCA-003, ¶ 1, 455 P.3d 877.

3On appeal and in the district court, Defendant limited his joinder argument to one of the applicability of Rule 5-203(A)(2).

("Whether a criminal statute applies to particular conduct is a question of law to be reviewed de novo.").

**{9}** The rule itself is silent as to the question the State raises, and neither our New Mexico Supreme Court nor this Court have provided guidance as to whether venue has any bearing upon the compulsory joinder rule's breadth. We therefore turn to guidance from other states with compulsory joinder requirements.

## A.     Venue as a Limitation on Compulsory Joinder

**{10}** Of states that require joinder of offenses, we identify distinctions based upon whether or not they have codified a venue limitation on compulsory joinder. Several states with compulsory joinder requirements have expressly included within the text of their joinder statutes or rules a limitation on joinder based upon venue. *See, e.g.*, Colo. R. Crim. P. 8(a)(1) (2002) ("If several offenses . . . were committed *within* [*the prosecuting attorney's*] *judicial district*, all such offenses upon which the prosecuting attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode." (emphasis added)); Me. Rev. Stat. Ann. Separate Trials 17-A, § 14 (1976) ("A defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses . . . were within the jurisdiction of the same court and *within the same venue*[.]" (emphasis added)); N.J. Stat. Ann. § 3:15-1(b) (West 1987) (barring "separate trials for multiple criminal offenses based on the same conduct or arising from the same episode, if such offenses . . . are within the jurisdiction and *venue of a single court*" (emphasis added)); Or. Rev. Stat. Ann. § 131.515(2) (West 1997) (barring separate prosecutions "for two or more offenses based upon the same criminal episode, if the several offenses . . . establish *proper venue in a single court*" (emphasis added)).

**{11}** Conversely, there are also states that have declined to include venue limitations in their compulsory joinder statutes or rules. *See, e.g.*, 720 Ill. Comp. Stat. Ann. 5/3-3(b) (West 1961) ("If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution[.]"); N.Y. Crim. Proc. Law § 40.40(1) (McKinney 1970) ("Where two or more offenses are joinable in a single accusatory instrument against a person by reason of being based upon the same criminal transaction, . . . such person may not . . . be separately prosecuted for such offenses even though such separate prosecutions are not otherwise barred by any other section of this article."). Notwithstanding the lack of an express codification of a venue limitation, courts in these states have diverged with respect to whether compulsory joinder is limited by the venue of a defendant's criminal offenses. *Compare People v. Gray*, 783 N.E.2d 170, 179 (Ill. App. Ct. 2003) (concluding that although "venue is not jurisdictional[,]" compulsory joinder in one county is improper if that county is an improper venue because that county's prosecutor is not the "proper prosecuting officer" (internal quotation marks and citation omitted)), *People v. Lindsly*, 472 N.Y.S.2d 115, 118 (N.Y. App. Div. 1984) ("Offenses are joinable in a single accusatory instrument if

they arise out of the same criminal transaction and the court has subject matter and *geographical jurisdiction* over both of them[.]" (emphasis added)), *and People v. Bigness*, 813 N.Y.S.2d 570, 571 (N.Y. App. Div. 2006) (recognizing that venue is also referred to by the term "geographical jurisdiction"), *with Commonwealth v. McPhail*, 692 A.2d 139, 141, 144-45 (Pa. 1997) (plurality opinion) (interpreting Pennsylvania's pre-2002 joinder statute—which barred a subsequent prosecution of "any offense based on the same conduct or arising from the same criminal episode, if such offense was . . . within the jurisdiction of a single court"—as not including a venue-based preclusion of joinder of offenses in one county when the offenses were committed during the same criminal episode across several counties (emphasis, internal quotation marks, and citation omitted)), *superseded by statute as stated in Commonwealth v. Fithian*, 961 A.2d 66, 76-77 (Pa. 2008).

**{12}** As we noted above, New Mexico's compulsory joinder rule does not expressly limit compulsory joinder's reach on the basis of venue. We therefore turn to an examination of our venue statute, which provides, "All trials of crime shall be had in the county in which they were committed." NMSA 1978, § 30-1-14 (1963). Our Supreme Court has held this provision to be "merely a reiteration of the constitutional right of venue" found in Article II, Section 14 of the New Mexico Constitution. *State v. Lopez*, 1973-NMSC-041, ¶ 11, 84 N.M. 805, 508 P.2d 1292; *see* N.M. Const. art. II, § 14 ("In all criminal prosecutions, the accused shall have the right to . . . a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."). Requiring joinder of offenses, committed exclusively within one county, with an offense committed and charged in another county located in a different judicial district would seem to contravene our venue requirements.[4]

**{13}** Among the approaches taken in other jurisdictions set out above, we find those cases determining that venue functions as a reasonable limitation on compulsory joinder persuasive. *See* 4 Wayne R. LaFave et al., *Criminal Procedure* § 16.1(f) (4th ed. 2019) ("In general, states requiring same transaction joinder restrict that obligation to offenses that have venue in a single judicial district. . . . Where legislation requires joinder of offenses arising out of the same criminal episode, but makes no reference to venue limitations, courts have assumed that the venue limitations remain in place and modify the mandatory joinder obligation." (footnote omitted)). Significantly, this approach gives effect to our venue requirements, which are grounded in New Mexico's Constitution—as such, they may not yield to a court rule, such as Rule 5-203(A), to the extent there is a conflict between the rule and the constitutional directive. *See* 20 Am.

---

4We recognize that our venue statute further provides that "[i]n the event elements of the crime were committed in different counties, the trial may be had in any county in which a material element of the crime was committed." Section 30-1-14; *see also State v. Roybal*, 2006-NMCA-043, ¶ 31, 139 N.M. 341, 132 P.3d 598 ("For purposes of a continuing crime, venue is proper in any county in which the continuing conduct has occurred."). Although Defendant contends the Otero County offense may have been based, in part, on conduct occurring within Lea County, the parties do not argue, nor does our review of the record reveal, that any element of the Lea County offenses was committed in Otero County such that we would be faced with the question of whether joinder is appropriate in those circumstances. We therefore leave resolution of that question for another day. *See Aragon*, 2017-NMCA-005, ¶ 9 n.4 (observing the need for case-by-case considerations of reasonable limitations on our compulsory joinder rule).

Jur. 2d *Courts* § 50 (2020) ("A court rule will not be construed to circumvent or supersede a constitutional mandate."); 21 C.J.S. *Courts* § 166 (2020) ("Court rules and their official comments are not effective if they conflict with valid provisions of the constitution."). We now proceed with an application of our venue requirements to the circumstances in the present case.[5]

## B.      Venue Limitation as Applied to the Present Case

**{14}**      Applying the applicable venue requirements to the case at bar, we conclude the proper venue for the Lea County offenses was in Lea County, in the absence of a change of venue or waiver. *See State v. House*, 1999-NMSC-014, ¶ 28, 127 N.M. 151, 978 P.2d 967 (recognizing the right of both the state and the defendant to seek a change of venue); *State v. Allen*, 2014-NMCA-111, ¶ 21, 336 P.3d 1007 (observing that challenges to venue may be waived). Here, neither party sought a change of, and Defendant did not waive, venue.[6] Rather, Defendant sought dismissal based on the State's failure to join the Lea County offenses with the Otero County offense. Under the procedural posture of the present case, we conclude venue was proper in Lea County and, therefore, the district court erred in dismissing the charges arising from the Lea County offenses for failure to join with the offense charged in Otero County.

## CONCLUSION

**{15}**      For the foregoing reasons, we reverse and remand to the district court for reinstatement of the charges arising from the Lea County offenses.

**{16}    IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

---

5Although we recognize a potential conflict between our compulsory joinder rule and our statute identifying the duties of district attorneys, we need not address this issue under the present circumstances. *Compare* Rule 5-203(A) (requiring joinder of certain offenses "in one complaint, indictment or information"), *and State v. Gonzales*, 2013-NMSC-016, ¶ 25, 301 P.3d 380 (concluding that Rule 5-203(A) "demands that *the* [*s*]*tate* join certain charges" (emphasis added) (internal quotation marks and citation omitted)), *with* NMSA 1978, § 36-1-18(A)(1) (2001) (requiring district attorneys to "prosecute and defend for the state in all courts of record *of the counties of his district* all cases, criminal and civil, in which the state or any county in his district may be a party or may be interested" (emphasis added)). *But see* NMSA 1978, § 8-5-2(B) (1975) (vesting the attorney general with the authority to "prosecute and defend in any [court or tribunal other than the New Mexico Supreme Court and Court of Appeals] all actions and proceedings, civil or criminal, in which the state may be a party or interested when, in his judgment, the interest of the state requires such action or when requested to do so by the governor").

6Although Defendant states he "waived venue implicitly (if not explicitly) in the proceedings below[,]" he has failed to provide any reference to the record to support this assertion. *See State v. Dominguez*, 2014-NMCA-064, ¶ 26, 327 P.3d 1092 (explaining that "we will not search the record to find facts to support [the defendant's] argument").

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**