**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number: 2013-NMSC-016

Filing Date: March 28, 2013

Docket No. 33,077

STATE OF NEW MEXICO,

      Plaintiff-Petitioner,

v.

ALICIA VICTORIA GONZALES,

      Defendant-Respondent.

**APPEAL FROM THE SECOND JUDICIAL DISTRICT COURT**
**Neil C. Candelaria, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
James W. Grayson, Assistant Attorney General
Nicole Beder, Assistant Attorney General
Albuquerque, NM

for Petitioner

Law Offices of Jane B. Yohalem
Jane B. Yohalem
Santa Fe, NM

for Respondent

## OPINION

**BOSSON, Justice.**

**{1}**    After an evening of heavy drinking, Alicia Gonzales (Defendant) got into her car and began to drive to the Albuquerque International Sunport to pick up her husband. On I-25 near the Avenida Cesar Chavez exit, Defendant, drunk and driving recklessly, sideswiped one vehicle and plowed into the back of another in which two children, Manuel Delfino and Deandre Fortune, were riding. While the adults in the front seats were uninjured, the children were not so fortunate. The crash killed Manuel and resulted in minor injuries to

Deandre.

**{2}** Defendant was later indicted on multiple charges stemming from the crash. She was charged with one count of intentional child abuse resulting in death (or negligent in the alternative), *see* NMSA 1978, § 30-6-1(F & H) (2005) (amended 2009), one count of intentional child abuse *not* resulting in death or great bodily harm (or negligent in the alternative), *see* NMSA 1978, § 30-6-1(E) (2005) (amended 2009), one count of aggravated DWI, *see* NMSA 1978, § 66-8-102 (2005) (amended 2010), and one count of leaving the scene of an accident, *see* NMSA 1978, §§ 66-7-202 (1978), -203 (1989). Curiously, the State did not charge Defendant with vehicular homicide. *See* NMSA 1978, § 66-8-101 (2004).

**{3}** At trial, Defendant was convicted of negligent child abuse, but that charge was later reversed by the Court of Appeals for lack of substantial evidence. She was also convicted of DWI and leaving the scene of an accident which are not relevant to this appeal. The State, barred by double jeopardy from retrying Defendant for child abuse, then sought to prosecute Defendant for vehicular homicide, a charge the State could have brought initially but chose not to. Once again, the Court of Appeals ruled against the State based on principles of double jeopardy. On certiorari, we review only that portion of the Court of Appeals opinion denying the State a new trial for vehicular homicide. We affirm the Court of Appeals but on somewhat different grounds.

## BACKGROUND

### Trial Court Proceedings

**{4}** Child abuse is defined by statute to include: "knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be: (1) placed in a situation that may endanger the child's life or health . . . ." Section 30-6-1(D). Before trial, Defendant moved to dismiss the child abuse charges, arguing that to be charged with child abuse, she must have been aware that her actions endangered a known, *particular* child. For example, if the children had been passengers in her own vehicle, then her conduct would have fit the statutory profile of child abuse. *State v. Castañeda*, 2001-NMCA-052, ¶ 11, 130 N.M. 679, 30 P.3d 368. Since these children were not her passengers, however, she was not even aware of their presence when she caused their injuries, and thus, her conduct necessarily did not fall within the meaning of child endangerment.

**{5}** Responding to the motion to dismiss, the State disagreed with Defendant's characterization of the law. Specifically, the State argued that it "is not required to show that the [D]efendant had the specific intent of harming a particular child. Rather, the State must only show the [D]efendant acted with reckless disregard." The State also argued, in the alternative, that if it were required to show that Defendant was aware of the children in the other vehicle, the State was prepared to do so with testimony from other motorists on the road that night who allegedly saw the children in the back seat of their car.

2

**{6}** The district court held a hearing on the motion. Significantly, the court asked the prosecutor why the State had not charged Defendant with vehicular homicide in the alternative. Initially, the prosecutor could not answer the question, adding only that she "wish[ed] they had charged the alternative vehicular homicide just to be safe." The State later characterized it as a discretionary decision on the part of the district attorney's office.

**{7}** Following argument, the district court ruled in favor of the State. The court explained that "the current statute as it stands under child abuse does not necessitate or need an awareness factor." The court further concluded "that all that's required as far as knowledge is that the [D]efendant knows or should have known that the defendant's conduct created the substantial or foreseeable risk" without actually being aware of the danger to an identifiable child.

**{8}** During trial, at the close of the State's case, Defendant raised the same issue in the form of a motion for directed verdict on the child abuse charges. Defendant was again denied.

**{9}** Ultimately, the jury found Defendant guilty of one count of child abuse resulting in death, negligently caused, one count of child abuse not resulting in death or great bodily harm, negligently caused, aggravated DWI, and leaving the scene of an accident. The jury was unable to agree on a verdict for intentional child abuse. The State never requested an instruction on vehicular homicide, and the jury was never asked to consider that crime. The district court sentenced Defendant to 15 years, 364 days, partially suspended, for a total of 12 years in prison. Defendant appealed, continuing to argue that the crime of child abuse based on child endangerment required some knowledge of an identifiable child present and at risk.

**The Court of Appeals**

**{10}** Before the Court of Appeals, Defendant again emphasized that "she was unaware that her conduct posed a particular and foreseeable risk of likely injury to the children" and importantly, that there was no evidence to the contrary. *State v. Gonzales*, 2011-NMCA-081, ¶ 2, 150 N.M. 494, 263 P.3d 271. The Court of Appeals agreed with Defendant. *Id.*

**{11}** The Court concluded that to be convicted of child abuse a "defendant's conduct must create a substantial and foreseeable risk of harm to an identified or identifiable child within the zone of danger." *Id.* ¶ 21. Further, "[t]he child victim cannot become identified simply by being injured by Defendant: identification of the child and the risk to that child must precede the injury." *Id.* In addition, "[t]he defendant must do more than act in a way that endangers the public as a whole." *Id.* ¶ 24. This Court did *not* grant certiorari to review the Court of Appeals opinion in this respect.

**{12}** Defendant also argued to the Court of Appeals that if her child abuse convictions were overturned, double jeopardy would also preclude a new charge of vehicular homicide,

3

a charge that could have been brought initially but was not. *Id.* ¶ 3. Again, the Court of Appeals agreed. *Id.* Relying on *State v. Meadors*, 121 N.M. 38, 908 P.2d 731 (1995), the Court concluded that the offense of vehicular homicide, under the facts of this case, was a lesser included offense of child abuse. *Gonzales*, 2011-NMCA-081, ¶ 36. Accordingly, double jeopardy barred "any subsequent prosecution for vehicular homicide." *Id.* ¶ 38. We granted certiorari on the issue of subsequent prosecution and now proceed to that analysis.

## DISCUSSION

### Standard of Review

**{13}** "A double jeopardy challenge is a constitutional question of law which we review de novo." *State v. Swick*, 2012-NMSC-018, ¶ 10, 279 P.3d 747.

### Double Jeopardy

**{14}** The Fifth Amendment of the United States Constitution states, among other things, that no person "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The New Mexico Constitution contains a similar provision. N.M. Const. art. II, § 15.

**{15}** The Double Jeopardy Clause "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 727-28 (1998). The United States Supreme Court has stated "that the prohibition against multiple trials is the controlling constitutional principle." *United States v. DiFrancesco*, 449 U.S. 117, 132 (1980) (internal quotation marks and citation omitted). "This prohibition stops the State, with all its resources and power, from mounting abusive, harassing reprosecutions, which subject a defendant to embarrassment, expense, anxiety, and insecurity, and the possibility that he may be found guilty even though innocent." *Blueford v. Arkansas*, 132 S. Ct. 2044, 2053-54 (2012) (internal quotation marks and citations omitted).

**{16}** The State makes various arguments as to why double jeopardy should not preclude a trial for vehicular homicide, starting with the fact that Defendant was never charged with that particular offense. The State maintains that "[i]f vehicular homicide is a[n] [uncharged] lesser[]included offense, retrial is not barred." The State also argues that "[t]he finding of insufficient evidence on the greater charge [of child abuse] does not preclude a retrial on the lesser charge especially when the jury was not instructed on the lesser charge . . . . This second prosecution does not violate the double jeopardy prohibition against successive prosecutions." For the following reasons, we are not persuaded.

**{17}** It is settled law that if a conviction is overturned for insufficient evidence, the reversal is treated as an acquittal for double jeopardy purposes. As the United States Supreme Court has stated,

Since we necessarily afford absolute finality to a jury's *verdict* of acquittal-no matter how erroneous its decision-it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty.

*Burks v. United States*, 437 U.S. 1, 16 (1978). Thus, "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient . . . ." *Id.* at 18. The State does not get a second chance to amass additional evidence of guilt.

**{18}** In addition, an acquittal of a greater offense prevents retrial of lesser included offenses that could have been, but were not submitted to the jury. According to the Ninth Circuit,

If no instructions are given on lesser included offenses, the jury's verdict is limited to whether the defendant committed the crime explicitly charged in the indictment. In such cases, an acquittal on the crime explicitly charged necessarily implies an acquittal on all lesser offenses included within that charge. *In re Nielsen*, 131 U.S. 176, 189-190, 9 S.Ct. 672, 676-677, 33 L.Ed. 118 (1889). An acquittal on the explicit charge therefore bars subsequent indictment on the implicit lesser included offenses. *Id.*

*United States v. Gooday*, 714 F.2d 80, 82 (9th Cir. 1983).

**{19}** In this case, the Court of Appeals clearly overturned Defendant's child abuse convictions for insufficient evidence, stating that "double jeopardy applies where Defendant challenges her convictions for sufficiency of the evidence and *she has successfully done so* with regard to negligent child abuse here . . . ." *Gonzales*, 2011-NMCA-081, ¶ 33 (emphasis added). We acknowledge that the Court overturned these convictions based on a new interpretation of the child abuse statute, one that required additional evidence from the prosecution. *Id.* ¶ 1 (describing the issue presented as "an issue of first impression"). The State had to prove that Defendant, while driving recklessly, was aware or should have been aware of the children in the other car and the risk of harm her conduct posed to them. The State failed to produce such evidence. "The State failed to prove that Defendant's behavior endangered a particular child that was foreseeable at the time of the accident." *Id.* ¶ 32. Applying the principle of *Gooday*, therefore, reversal of the greater offense, child abuse, for insufficient evidence would also appear to "bar[] [a] subsequent indictment on the implicit lesser included offenses" that were never presented to the jury. 714 F.2d at 82.

**{20}** The State failed to attack directly the sufficiency of the evidence determination, and for good reason. Such a ruling is not without precedent in New Mexico law. *See, e.g.*, *State v. Kirby*, 2007-NMSC-034, 141 N.M. 838, 161 P.3d 883 (providing a new interpretation of a criminal statute and concluding that, under the new interpretation, the evidence was sufficient to support the conviction); *State v. Valino*, 2012-NMCA-105, 287 P.3d 372

(interpreting the battery on a health care worker statute to include knowledge as a required element and concluding that the evidence was sufficient to support the conviction). Accordingly, if vehicular homicide is a lesser included offense of negligent child abuse in the context of this case, then double jeopardy bars a new trial on that charge.

**{21}**    Rather than attack the sufficiency of the evidence determination, the State argues that *Montana v. Hall*, 481 U.S. 400 (1987), governs the double jeopardy analysis and does not bar retrial. In that case, Hall was charged with felony sexual assault of his stepdaughter. *Id.* at 401. On the eve of trial, Hall filed a motion to dismiss, claiming that he could only be prosecuted for the more specific crime of incest. *Id.* The motion was granted and the state promptly filed a new information charging Hall with incest, for which he was duly convicted. *Id.*

**{22}**    On appeal, Hall reversed fields, arguing that he could not be convicted of incest, but only sexual assault, because the legislature had amended the incest statute to include stepchildren only *after* he had assaulted his stepdaughter. *Id.* at 401-02. The Montana Supreme Court agreed with Hall and after declaring the incest conviction void, barred retrial for sexual assault on double jeopardy grounds. *Id.* at 402. The United States Supreme Court reversed, concluding that the "case falls squarely within the rule that retrial is permissible after a conviction is reversed on appeal." *Id.* at 404.

**{23}**    We find the State's reliance on *Hall* misplaced. Most importantly the *Hall* Court reiterated the "venerable principl[e] of double jeopardy jurisprudence that [t]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge." *Id.* at 402 (internal quotation marks and citations omitted). The reversal in *Hall* was based on grounds *other than insufficient evidence*, which enabled the Court to conclude that the "case falls squarely within the rule" that reversal does not bar retrial. *Id.* at 404. The Court stated that Hall's conviction was reversed "on grounds unrelated to guilt or innocence," and because "[t]here is no suggestion that the evidence introduced at trial was insufficient to convict respondent," the Court did not preclude a subsequent retrial. *Id.* at 403. Thus, the holding of *Hall* simply does not apply to a case such as this, in which the Court of Appeals specifically determined that the child abuse convictions were unsupported by substantial evidence.

**{24}**    Disposing of *Hall*, we return to the Court of Appeals' conclusion that, under the facts of this case, vehicular homicide was a lesser included offense of negligent child abuse resulting in death, and as a result, double jeopardy barred a new trial. *Gonzales*, 2011-NMCA-081, ¶ 36. We have previously stated that "[t]he Double Jeopardy Clause prohibits successive prosecutions for two offenses arising out of the same conduct if either one is a lesser[]included offense within the other." *State v. Meadors*, 121 N.M. 38, 41, 908 P.2d 731, 734, (1995). For the reasons that follow, however, we do not find it necessary to decide whether vehicular homicide is such a lesser included offense. Instead, we come to a similar conclusion based on the related principle of joinder.

**Compulsory Joinder**

**{25}** Our rules of criminal procedure require that similar offenses be joined in one prosecution and not be brought piecemeal by way of sequential trials. Rule 5-203(A) NMRA states:

> Two or more offenses *shall* be joined in one complaint, indictment or information with each offense stated in a separate count, if the offenses, whether felonies or misdemeanors or both:
>
> (1)    are of the same or similar character, even if not part of a single scheme or plan; or
>
> (2)    are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan.

(Emphasis added.) The rule is mandatory; it "is not a discretionary or permissive rule; it demands that the State join certain charges." *State v. Gallegos*, 2007-NMSC-007, ¶ 10, 141 N.M. 185, 152 P.3d 828; *accord State v. Paiz*, 2011-NMSC-008, ¶ 10, 149 N.M. 412, 249 P.3d 1235. Under the facts of this case, vehicular homicide and child abuse, two crimes "based on the same conduct"—Defendant's intoxicated driving resulting in death to the victim—satisfy the criteria of the Rule. The State had no choice but to join these two offenses "in one complaint, indictment or information," if it wanted to pursue them both.

**{26}** We acknowledge that we raise this issue sua sponte. Neither the State nor Defendant specifically claimed that retrial was barred by Rule 5-203(A). In terms of barring successive prosecutions, however, compulsory joinder and double jeopardy are closely related—two sides of the same coin. Joinder "is designed to protect a defendant's double-jeopardy interests where the [state] initially declines to prosecute him for the present offense, electing to proceed on different charges stemming from the same criminal episode." *Commonwealth v. Laird*, 988 A.2d 618, 628 (Pa. 2010). By raising double jeopardy concerns, then, Defendant necessarily implicated this Court's joinder rule. We agree with the following statement of the Supreme Court of Pennsylvania,

> The purpose of [a] compulsory joinder statute, viewed as a whole, is twofold: (1) to protect a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode; and (2) to ensure finality without unduly burdening the judicial process by repetitious litigation.

*Commonwealth v. Fithian*, 961 A.2d 66, 75-76 (2008) (internal quotations marks and citation omitted).

**{27}** The State can claim no unfair surprise. Six years ago, we made it clear in *Gallegos*,

7

2007-NMSC-007, ¶ 14, that the compulsory joinder rule means what it says. There, we applied the rule to require joinder of offenses "of the same or similar character," even when arising from two different victims. *Id.* ¶ 15. Here, we have offenses "based on the same conduct" against the *same* victim. In *Gallegos,* we took the time to discuss the evolution of the joinder rule, from permissive to mandatory, and the reasons for it.

**{28}** Years ago, even before adopting a compulsory joinder rule, this Court expressed its "distaste for piecemeal prosecutions." *Id.* ¶ 14 (internal quotation marks and citation omitted). We stated in *State v. Tijerina*, that this Court does not

> approve [of] piecemeal prosecution. Such disorderly criminal procedures involve a myriad of problems which threaten the existence of our judicial system. The risk of prejudice to the accused, and the waste of time inherent in multiple trials, both perpetuate delays in the judicial process and unconscionable expenditures of public funds, all of which could be avoided by prosecutors getting their facts straight, their theories clearly in mind and trying all charges together.

86 N.M. 31, 36, 519 P.2d 127, 132 (1973). As we later clarified in *State v. Tanton*, "[b]y 'piecemeal prosecutions' in *Tijerina* we referred to multiple prosecutions to which the double jeopardy clause did not apply. Thus, we intended a statement of judicial policy rather than a rule of law. We adhere to the stated policy." 88 N.M. 333, 336, 540 P.2d 813, 816 (1975).[1]

**{29}** Some four years later we went further, transmuting this "judicial policy" into a court rule, when this Court made it mandatory to join offenses arising out of the same occurrence or transaction. *See* Rule 5-203 Committee Commentary (providing that a 1979 Supreme Court order made joinder mandatory). In short, after reading our comprehensive opinion in *Gallegos,* the State should have had no doubt about the consequences of its decision not to join vehicular homicide with the other charges.

**{30}** Until today, we have not considered the proper remedy when the prosecution fails to join charges under Rule 5-203(A). While the rule does not specify a remedy, we clearly intended that the rule have force. It would make little sense to have a mandatory rule with no method of enforcement; we would render it merely permissive. A bar against a subsequent prosecution on charges that should have been joined under Rule 5-203(A) is the

---

[1]We observe that this judicial policy against piecemeal prosecutions finds expression in other states. Tennessee, for instance, changed its rule of joinder from permissive to mandatory to specifically stop the practice of "saving back" charges for future prosecution. *State v. Johnson*, 342 S.W.3d 468, 473 (Tenn. 2011); Tenn. R. Crim. P. 8, Advisory Comm'n Cmts. (describing the purpose of the joinder rule as "the prevention of a deliberate and willful 'saving back' of known charges for future prosecution").

only effective remedy to enforce the mandatory nature of the rule.

**{31}** We also observe that in other jurisdictions a bar against retrial is the usual remedy for failing to join offenses under a mandatory joinder rule. Whether joinder is required by court rule, *see* Ark. R.Cr. P. 21.3 (c), statute, *see* Colo. Rev. Stat. Ann. § 18-1-408(2) (West 2000), or judicial interpretation, *see Kellet v. Super. Ct. of Sacramento Cnty.*, 409 P.2d 206, 210 (Cal. 1966), the remedy is the same. Violation of the requirement bars subsequent prosecution. Thus, we hold that a failure to join offenses under Rule 5-203(A) bars piecemeal prosecution in a subsequent trial.

**{32}** This is not a case in which the charge the State now seeks to bring, vehicular homicide, was unknown at the time Defendant was indicted. The State had at least three different opportunities to join these offenses. The first was in the original indictment, but it chose to ask the grand jury to indict only on charges of child abuse. The second was at the hearing on the motion to dismiss. The State was made fully aware that the charge was available and admitted at that hearing that it knew it was taking a risk when it decided on this particular trial strategy. Finally, under *Meadors*, 121 N.M. at 45, 908 P.2d at 738, the State could have asked for a vehicular homicide instruction notwithstanding its omission from the indictment, but again the State elected not to do so.

**{33}** New Jersey courts have noted "the coercive effect" that such all-or-nothing prosecution strategies potentially "exert[] on jury deliberations." *State v. Christener*, 362 A.2d 1153, 1162 (1976), *overruled on other grounds by State v. Wilder*, 939 A.2d 781, 792 (2008). The State continues to argue that "[t]he decision to prosecute child abuse and not vehicular homicide was within the discretion of the State." We agree. But decisions have consequences. As we stated in *State v. Villa*, in which the State also pursued an all-or-nothing trial strategy,

> [o]n appeal, we do not second-guess the tactical decisions of the litigants. Were we to adopt the State's position, the [S]tate would have all of the benefits and none of the risks of its trial strategy, while the accused would have all the risks and none of the protections. We believe that both parties are entitled to the benefits and should be liable for the risks of their respective trial strategies.

2004-NMSC-031, ¶ 14, 136 N.M. 367, 98 P.3d 1017 (internal quotation marks and citations omitted).

**CONCLUSION**

**{34}** For the reasons expressed in this opinion, we affirm the essential holding of the Court of Appeals barring a subsequent prosecution of Defendant for the crime of vehicular homicide.

9

**{35}  IT IS SO ORDERED.**

_____

**RICHARD C. BOSSON, Justice**

**WE CONCUR:**

_____

**PETRA JIMENEZ MAES, Chief Justice**

_____

**EDWARD L. CHÁVEZ, Justice**

_____

**CHARLES W. DANIELS, Justice**

_____

**BARBARA J. VIGIL, Justice**

**Topic Index for _State v. Gonzales_, No. 33,077**

**APPEAL AND ERROR**
Standard of Review
Sua Sponte Issue on Appeal
Substantial or Sufficient Evidence

**CONSTITUTIONAL LAW**
Double Jeopardy

**CRIMINAL LAW**
Child Abuse and Neglect
Vehicular Homicide

**CRIMINAL PROCEDURE**
Double Jeopardy
Joinder of Charges
Lesser Included Offense