**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2017-NMCA-005**

**Filing Date:  July 12, 2016**

**Docket No. 34,653**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**DANIEL G. ARAGON,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe Sommer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Tonya Noonan Herring, Assistant Attorney General
Albuquerque, NM

for Appellee

Gregory Gahan
Albuquerque, NM

for Appellant

## OPINION

**SUTIN, Judge.**

**{1}**    On appeal, Defendant Daniel G. Aragon attempts to have a misdemeanor driving while intoxicated (DWI) conviction in a de novo bench trial in district court dismissed because the DWI charge and a traffic citation were not joined under the compulsory joinder rule, Rule 5-203(A) NMRA. We hold that the compulsory joinder rule does not require joinder in this case, and therefore the district court did not err in denying Defendant's motion to dismiss.

1

**BACKGROUND**

**{2}** Defendant was stopped by Officer Adrian Diaz for driving 111 miles per hour in a 55 miles-per-hour zone. During the traffic stop, Officer Diaz determined that Defendant was impaired, and he placed Defendant under arrest for DWI.

**{3}** Defendant was arraigned on a third degree felony DWI charge in the Santa Fe County Magistrate Court, but the charge was quickly dismissed without prejudice pending the outcome of the prosecution's investigation into whether the DWI was Defendant's sixth offense, which would be a third degree felony. *See* NMSA 1978, § 66-8-102(I) (2010). The speeding charge was filed in a separate magistrate court cause two days after the dismissal without prejudice of the DWI felony charge, and Defendant pleaded no contest to the speeding charge and agreed to pay the fine and fees.

**{4}** Approximately three months after Defendant's plea to the speeding citation, the State determined, based on its felony investigation, that the DWI should be charged as a misdemeanor second offense and not a felony sixth offense. Thereafter, the State filed a misdemeanor DWI (0.08) second offense charge against Defendant in the original magistrate court DWI cause. Defendant filed and the magistrate court denied a motion to dismiss based on Rule 5-203(A), which is a district court rule.[1] *Compare* Rule 5-203(A), *with* Rule 6-306(A) NMRA (Rules of Criminal Procedure for the Magistrate Courts). Defendant was convicted by a jury of DWI (0.08) second offense, and he appealed to the district court.

**{5}** In his district court appeal, Defendant filed a motion to dismiss under Rule 5-203(A), again arguing that the misdemeanor charge should be dismissed because it had not been joined with the speeding citation. The district court denied the motion, and after a de novo bench trial, the court entered an order finding Defendant guilty and remanding the matter to magistrate court for imposition of that court's sentence.

**{6}** On appeal to this Court from the district court's orders denying his motion to dismiss and finding Defendant guilty and remanding the matter to the magistrate court to impose sentence, Defendant argues that the prosecution of the DWI charge was barred by Rule 5-203(A) (and perhaps, but not clearly, also by the magistrate court compulsory joinder Rule 6-306(A)), as interpreted and applied in *State v. Gonzales*, 2013-NMSC-016, ¶¶ 25-33, 301 P.3d 380.

**DISCUSSION**

**{7}** Whether a criminal statute applies to particular conduct is a question of law to be reviewed de novo. *State v. Office of Pub. Defender ex rel. Muqqddin*, 2012-NMSC-029,

---

[1]The applicable rule was magistrate court compulsory joinder Rule 6-306(A), which is virtually identical to Rule 5-203(A).

2

¶ 13, 285 P.3d 622.

**{8}** The critical issue is whether Rule 5-203(A) was violated when the DWI and traffic offense were not joined. Rule 5-203(A), broadly states:

> Two or more offenses shall be joined in one complaint, indictment[,] or information with each offense stated in a separate count, if the offenses, whether felonies or misdemeanors or both:
>
> > (1)     are of the same or similar character, even if not part of a single scheme or plan; or
> >
> > (2)     are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan.

*Gonzales* provides no limitations, but states the purpose of compulsory joinder.

> The purpose of a compulsory joinder statute, viewed as a whole, is twofold: (1) to protect a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode; and (2) to ensure finality without unduly burdening the judicial process by repetitious litigation.

*Gonzales*, 2013-NMSC-016, ¶ 26 (alteration, internal quotation marks, and citation omitted). We conclude that nothing in the language of Rule 5-203(A) required compulsory joinder in this case.[2]

**{9}** The uniform traffic citation for speeding containing a hearing notice is a complaint. NMSA 1978, § 66-8-128 (2013); NMSA 1978, § 66-8-131 (1990); *see also* NMSA 1978, § 66-8-116(A)(7) (2011, amended 2016) (setting the penalty assessments for speeding more than 35 miles per hour over the speed limit at $200). We see no reason why the State could not proceed with and resolve the traffic citation in magistrate court with Defendant's no contest plea. Nor do we see any reason why later, after determining that the DWI should not

---

[2] In his special concurrence, Chief Judge Vigil concludes that Rule 5-203(A) does not apply because the traffic offense was not pending concurrently with the DWI charge in the district court. We did not adopt the Chief Judge's interpretation because the compulsory joinder rule focuses on the similarity in character or conduct of offenses and does not state that compulsory joinder only applies to related offenses that are concurrently pending. If the relevant inquiry was whether charges were concurrently pending, prosecutors would be able to avoid the compulsory joinder rule by making sure only one charge is pending at any given time. That sort of piecemeal approach to prosecuting appears to be what the compulsory joinder rule seeks to prevent.

be filed as a felony, the State could not then file a misdemeanor DWI charge in magistrate court.[3] Further, the speeding offense played no part in the per se 0.08 charge and conviction. Thus, the offenses are not of the same or similar character, nor are the offenses based on the same conduct. *See* Rule 5-203(A). In addition, to hold that joinder here was compulsory would, in our view, not be a rational disposition. American Bar Association (ABA) Standards for Criminal Justice Section 13-2.3(d) (2d ed. 1980) and Model Penal Code Section 1.11(2) (Am. Law Inst. 2015), each side with the view that a defendant's entry of a no contest plea to a lesser offense such as the traffic citation here does not bar a subsequent prosecution of an additional, greater offense even if the two offenses occur during one episode. *See* ABA Standards § 13-2.3(d) ("Entry of a plea of guilty or nolo contendere to one offense does not bar the subsequent prosecution of any additional offense based upon the same conduct or the same criminal episode."); Model Penal Code § 1.11(2) (stating that a prosecution is not barred where the "former prosecution was procured by the defendant without the knowledge of the appropriate prosecuting officer and with the purpose of avoiding the sentence that might otherwise be imposed"). A defendant should not be allowed to bar his later prosecution simply by rushing to plead to a considerably lesser traffic offense.[4]

**CONCLUSION**

**{10}** The district court did not err in denying Defendant's motion to dismiss the DWI charge based on the compulsory joinder rule. We affirm the district court's sentencing-related order.

**{11}**  **IT IS SO ORDERED.**

---
 

**JONATHAN B. SUTIN, Judge**

**I CONCUR:**

---

[3] Defendant has at no time suggested that the State was required to dismiss the citation without prejudice along with the DWI charge and to then bring both charges in one proceeding.

[4] An analysis of *Gonzales* and of the compulsory joinder rule's breadth and lack of reasonable limitations, as well as related expectations and concerns about the consequences, and case-by-case court imposed limitations on the rule, is contained in Ryan C. Schotter, *State v. Gonzales: Reinvigorating Criminal Joinder in New Mexico*, 44 N.M. L. Rev. 467 (2014). Schotter makes good points in his article and brings to light the breadth of Rule 5-203(A) with its lack of reasonable limitations, requiring case-by-case considerations of reasonable limitations. Schotter, *supra*, at 500.

LINDA M. VANZI, Judge

**MICHAEL E. VIGIL, Chief Judge (specially concurring).**

**VIGIL, Chief Judge (specially concurring).**

**{12}**     The majority states that the "critical issue is whether Rule 5-203(A) was violated when the DWI and traffic offense were not joined." Majority Op. ¶ 8. I disagree with this characterization of the issue because I conclude there was no traffic offense to join with the DWI charge in the district court. For this reason I conclude that Rule 5-203(A) did not apply and therefore specially concur.

**{13}**     We do not have copies of all the pleadings filed in the magistrate court. *See* Rule 5-826(F)(2) NMRA (requiring the magistrate court clerk to file with the district court clerk a copy of all papers and pleadings filed in the magistrate court in appeals from the magistrate court to the district court). For the factual background, we are therefore required to rely on Defendant's motion to dismiss and the State's response. According to these pleadings, Defendant was issued a citation for speeding and arrested and charged with felony DWI (sixth offense) in the Santa Fe County Magistrate Court on November 24, 2012. Defendant was arraigned in the magistrate court on the felony DWI charge on November 26, 2012, and on December 5, 2012, the felony DWI charge was dismissed without prejudice so that the State could investigate how many prior DWI convictions Defendant actually had. There is no allegation that this was done for any improper purpose. On March 25, 2013, Defendant pleaded no contest to the speeding charge. The DWI charge was re-filed in the magistrate court on July 10, 2013, as a misdemeanor DWI (second offense), and trial on the re-filed DWI case was held in the magistrate court on April 18, 2014.

**{14}**     When Defendant pleaded no contest to the speeding charge on March 25, 2013, that was the only charge pending because the separately filed felony DWI had been dismissed. When the misdemeanor DWI charge was re-filed on July 10, 2013, that was the only charge pending because the speeding case was already resolved. Thus, the joinder requirement of the magistrate court, Rule 6-306(A), was not applicable.  There never were two or more offenses to join.

**{15}**     But that does not end the matter. Defendant was found guilty of the misdemeanor DWI charge in the magistrate court on April 18, 2014. He was found guilty of the only charge pending against him, and he appealed that conviction to the district court for a de novo trial. This meant that the case was to be tried in the district court anew as if no trial had been held in the magistrate court. *State v. Armijo*, No. 34,400, 2016 WL 3266595, 2016-NMSC-___, ¶ 28, ___ P.3d ___ (June 13, 2016). Defendant moved the district court to dismiss the DWI with prejudice "based on [Rule 5-203(A),] the compulsory joinder rule[.]" When Defendant filed his motion to dismiss in the district court, there was only one charge—the DWI—and there was no other crime that could be joined with the DWI under

5

Rule 5-203(A). The district court therefore properly denied Defendant's motion.

**{16}** The majority does not explain how mandatory joinder under Rule 5-203(A) should be considered under these circumstances. I conclude it does not and that there was no error in denying Defendant's motion to dismiss. Even if mandatory joinder could somehow be invoked, Defendant would not be entitled to relief under the harmless error rule set forth in Rule 6-303(A) NMRA and Rule 6-704 NMRA. Moreover, I respectfully submit that the majority's discussion of ABA Standards Section 13-2.3(d) and Model Penal Code Section 1.11(2) is purely advisory under the circumstances.

_____
**MICHAEL E. VIGIL, Chief Judge**