OPINION SUTIN, Judge. {1} On appeal, Defendant Daniel G. Aragon attempts to have a misdemeanor driving while intoxicated (DWI) conviction in a de novo bench trial in district court dismissed because the DWI charge and a traffic citation were not joined under the compulsoryjoinderrule, Rule 5-203(A) NMRA. We hold that the compulsory joinder rule does not require joinder in this case, and therefore the district court did not err in denying Defendant’s motion to dismiss. BACKGROUND {2} Defendant was stopped by Officer Adrian Diaz for driving 111 miles per hour in a 55 miles-per-hour zone. During the traffic stop, Officer Diaz determined that Defendant was impaired, and he placed Defendant under arrest for DWI. {3} Defendant was arraigned on a third degree felony DWI charge in the Santa Fe County Magistrate Court, but the charge was quickly dismissed without prejudice pending the outcome of the prosecution’s investigation into whether the DWI was Defendant’s sixth offense, which would be a third degree felony. See NMSA 1978, § 66-8-102(1) (2010). The speeding charge was filed in a separate magistrate court cause two days after the dismissal without prejudice of the DWI felony charge, and Defendant pleaded no contest to the speeding charge and agreed to pay the fine and fees. {4} Approximately three months after Defendant’s plea to the speeding citation, the State determined, based on its felony investigation, that the DWI should be charged as a misdemeanor second offense and not a felony sixth offense. Thereafter, the State filed a misdemeanor DWI (0.08) second offense charge against Defendant in the original magistrate court DWI cause. Defendant filed and the magistrate court denied a motion to dismiss based on Rule 5-203(A), which is a district court rule.[1] Compare Rule 5-203(A), with Rule 6-3 06(A) NMRA (Rules of Criminal Procedure for the Magistrate Courts). Defendant was convicted by a jury of DWI (0.08) second offense, and he appealed to the district court. {5} In his district court appeal, Defendant filed a motion to dismiss under Rule 5-203(A), again arguing that the misdemeanor charge should be dismissed because it had not been joined with the speeding citation. The district court denied the motion, and after a de novo bench trial, the court entered an order finding Defendant guilty and remanding the matter to magistrate court for imposition of that court’s sentence. {6} On appeal to this Court from the district court’s orders denying his motion to dismiss and finding Defendant guilty and remanding the matter to the magistrate court to impose sentence, Defendant argues that the prosecution of the DWI charge was barred by Rule 5-203(A) (and perhaps, but not clearly, also by the magistrate court compulsory joinder Rule 6-306(A)), as interpreted and applied in State v. Gonzales, 2013-NMSC-016, ¶¶ 25-33, 301 P.3d 380. DISCUSSION {7} Whether a criminal statute applies to particular conduct is a question of law to be reviewed de novo. State v. Office of Pub. Defender ex rel. Muqqddin, 2012-NMSC-029, ¶ 13, 285 P.3d 622. {8} The critical issue is whether Rule 5-203(A) was violated when the DWI and traffic offense were not joined. Rule 5-203(A), broadly states: Two or more offenses shall be joined in one complaint, indictment[,j or information with each offense stated in a separate count, if the offenses, whether felonies or misdemeanors or both: (1) are of the same or similar character, even if not part of a single scheme or plan; or (2) are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan. Gonzales provides no limitations, but states the purpose of compulsory joinder. Thepurpose of a compulsory joinder statute, viewed as a whole, is twofold: (1) to protect a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode; and (2) to ensure finality without unduly burdening the judicial process by repetitious litigation. Gonzales, 2013-NMSC-016, ¶ 26 (alteration, internal quotation marks, and citation omitted). We conclude that nothing in the language of Rule 5-203(A) required compulsory joinder in this case.[2] {9} The uniform traffic citation for speeding containing a hearing notice is a complaint. NMSA 1978, § 66-8-128 (2013); NMSA 1978, § 66-8-131 (1990); see also NMSA 1978, § 66-8-116(A)(7) (2011, amended 2016) (setting the penalty assessments for speeding more than 35 miles per hour over the speed limit at $200). We see no reason why the State could not proceed with and resolve the traffic citation in magistrate court with Defendant’s no contest plea. Nor do we see any reason why later, after determining that the DWI should not be filed as a felony, the State could not then file a misdemeanor DWI charge in magistrate court.[3] Further, the speeding offense played no part in the per se 0.08 charge and conviction. Thus, the offenses are not of the same or similar character, nor are the offenses based on the same conduct. See Rule 5-203(A). In addition, to hold that joinder here was compulsory would, in our view, not be a rational disposition. American Bar Association (ABA) Standards for Criminal Justice Section 13-2.3(d) (2d ed. 1980) and Model Penal Code Section 1.11(2) (Am. Law Inst. 2015), each side with the view that a defendant’s entry of a no contest plea to a lesser offense such as the traffic citation here does not bar a subsequent prosecution of an additional, greater offense even if the two offenses occur during one episode. See ABA Standards § 13-2.3(d) (“Entry of a plea of guilty or nolo contendere to one offense does not bar the subsequent prosecution of any additional offense based upon the same conduct or the same criminal episode.”); Model Penal Code § 1.11(2) (stating that a prosecution is not barred where the “former prosecution was procured by the defendant without the knowledge of the appropriate prosecuting officer and with the purpose of avoiding the sentence that might otherwise be imposed”). A defendant should not be allowed to bar his later prosecution simply by rushing to plead to a considerably lesser traffic offense.[4] CONCLUSION {10} The district court did not err in denying Defendant’s motion to dismiss the DWI charge based on the compulsory joinder rule. We affirm the district court’s sentencing-related order. {11} IT IS SO ORDERED. JONATHAN B. SUTIN, Judge I CONCUR: LINDA M. VANZI, Judge MICHAEL E. VIGIL, Chief Judge (specially concurring). The applicable rule was magistrate court compulsory joinder Rule 6-306(A), which is virtually identical to Rule 5-203(A). In his special concurrence, Chief Judge Vigil concludes that Rule 5-203(A) does not apply because the traffic offense was not pending concurrently with the DWI charge in the district court. We did not adopt the Chief Judge’s interpretation because the compulsory joinder rule focuses on the similarity in character or conduct of offenses and does not state that compulsory joinder only applies to related offenses that are concurrently pending. If the relevant inquiry was whether charges were concurrently pending, prosecutors would be able to avoid the compulsory j oinder rule by maldng sure only one charge is pending at any given time. That sort of piecemeal approach to prosecuting appears to be whatthe compulsory joinder rule seeks to prevent. Defendant has at no time suggested that the State was required to dismiss the citation without prejudice along with the DWI charge and to then bring both charges in one proceeding. An analysis of Gonzales and of the compulsory joinder rule’s breadth and lack of reasonable limitations, as well as related expectations and concerns about the consequences, and case-by-case court imposed limitations on the rule, is contained in Ryan C. Schotter, State v. Gonzales: Reinvigorating Criminal Joinder in New Mexico, 44 N.M. L. Rev. 467 (2014). Schotter makes good points in his article and brings to light the breadth of Rule 5-203(A) with its lack of reasonable limitations, requiring case-by-case considerations of reasonable limitations. Schotter, supra, at 500.