This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                          No. A-1-CA-35564

**CHRISTOPHER S. HEYSER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellant

L. Helen Bennett, PC
L. Helen Bennett
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BOHNHOFF, Judge.**

{1} Christopher S. Heyser (Defendant) was arrested for driving while intoxicated (DWI). While he was being booked, jail personnel discovered cocaine in his boot. Defendant was charged in magistrate court with aggravated DWI and in district court with possession of a controlled substance (PCS). After he pled guilty to the aggravated DWI charge, he moved to dismiss the PCS charge pursuant to the compulsory joinder rule set forth in Rule 5-203(A) NMRA. The district court granted the motion. We reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

{2} As alleged by the State, on June 5, 2015, a police officer in Las Cruces stopped Defendant in traffic after the officer flashed his lights to prompt Defendant to dim his headlights and he failed to do so. When the officer made contact with Defendant, he could smell alcohol emanating from inside the vehicle. The officer asked Defendant whether he had been drinking, and Defendant responded that he had consumed two beers and one shot. The officer observed that Defendant had bloodshot watery eyes, slurred speech, and a flushed face, and he needed to use the door frame of his vehicle to keep his balance. Defendant refused to consent to a breath test to determine his blood alcohol level. Defendant was arrested and transported to the detention center where he was booked. During booking, detention officers found three small plastic resealable-style plastic bags in one of Defendant's boots, one of which contained

cocaine residue. The other two plastic bags contained what was later confirmed via laboratory testing to be 0.39 and 0.26 grams of cocaine, respectively.

{3} The criminal complaint that was filed in magistrate court later the same day, June 5, 2015, charged Defendant with aggravated DWI and/or drugs 3rd (refusal), driving on a suspended or revoked driver's license (revoked for DWI), and failure to dim headlights. Following a separate investigation regarding the suspected cocaine possession, Defendant was indicted by a district court grand jury for the PCS on August 13, 2015. Defendant pled guilty in the magistrate court on November 24, 2015, to Aggravated DWI and Driving While License Revoked; the failure to dim headlights charge was dismissed. In a March 16, 2016 report, the New Mexico Department of Public Safety Forensic Laboratories confirmed that the substance inside the plastic bags was cocaine.

{4} On February 19, 2016, Defendant filed a motion to dismiss the district court felony charge. Defendant argued that the misdemeanors to which he had pled guilty in magistrate court and the felony with which he was charged in district court were "based upon the same conduct, a series of connected acts, or parts of a single scheme or plan that occurred at the same time[,]" and therefore under Rule 5-203(A) the State was required to join the charges in "one complaint, indictment or information." Citing *State v. Gonzales*, 2013-NMSC-016, ¶ 30, 301 P.3d 380, Defendant requested

3

dismissal of the PCS charge.

**{5}** The State filed its written response on April 15, 2016. The State conceded the facial applicability of Rule 5-203(A): "[t]he State concurs that Defendant's offenses committed on August 7, 2015, do constitute a series of acts connected together or constituting parts of a single scheme or plan per Rule 5-203(A), and, as such, would have been joined under normal circumstances." (alterations, internal quotation marks, and citation omitted). The State nevertheless argued that *Gonzales*' holding should be limited to its facts, i.e., where the State has "saved back" charges against Defendant. The State also urged the district court to recognize three limitations or exceptions to the application of Rule 5-203(A), any one of which it argued would dictate denial of Defendant's motion. First, joinder should not be required where the prosecution is not aware of the offense or until the prosecution has developed the evidence necessary to try the charge. Second, compulsory joinder should be limited to offenses within the jurisdiction of the court. Third, the rule should not be applicable where the defendant quickly pleads guilty or no contest to a lesser charge and then uses that conviction as a basis for seeking dismissal of a greater charge.

**{6}** The district court heard argument on the motion later that day. When the district court initially indicated its disagreement with the State's concession regarding the facial applicability of Rule 5-203(A) to the facts of this case, the State maintained its

position:

> District Court: But my mind is not going there with [the State] and it's not going there with [Defendant]. I don't think . . . I don't think it's . . . based on the same conduct, it's not part of a single scheme or plan. So then it has to be a series of acts connected together in some way. At what point does the behavior become attenuated? If it was two hours later, would you still think it's based on a series of acts connected together? I don't see how these acts are connected together.

> State: Judge, he is charged with [DWI] under the influence of alcohol and drugs and he has cocaine in his shoe. To me, these are connected together. I will concede that in this scenario.

Continuing, and based on the State's concession, the district court ruled that it would dismiss the PCS charge:

> District Court: Alright (audibly laughs). Then I'm going to . . . [interrupted by the State]

> State: I know what you have to do but . . . [trails off]

> District Court: Then I'm going to grant the motion. I was going to deny it based on a different analysis because I don't think the two are necessarily the same but you know more about the case than I do. Given that the State concedes that they're connected, on the basis of the law, I'm granting the motion to dismiss.

The district court entered an order memorializing its oral ruling, and the State timely appealed.

**LEGAL BACKGROUND**

{7}    Rule 5-203(A) states:

Two or more offenses shall be joined in one complaint, indictment or information with each offense stated in a separate count, if the offenses, whether felonies or misdemeanors or both:

(1) are of the same or similar character, even if not part of a single scheme or plan; or

(2) are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan.

{8} In *Gonzales*, the defendant had driven while intoxicated; the vehicle she was driving collided with another vehicle, killing a child. 2013-NMSC-016, ¶ 1. The state charged the defendant, alternatively, with intentional and negligent child abuse but, "[c]uriously," not vehicular homicide. *Id.* ¶ 2, At trial, [the d]efendant was convicted of negligent child abuse[.] This Court subsequently reversed the conviction for lack of substantial evidence. *Id.* ¶ 3. We further held that principles of double jeopardy barred the state from prosecuting the defendant for vehicular homicide. *See id.* ¶ 12. On certiorari, our Supreme Court affirmed the determination that the state was barred from bringing a new charge of vehicular homicide. *See id.* ¶ 3. However, noting that double jeopardy and compulsory joinder are "two sides of the same coin," the Court so ruled on Rule 5-203(A) as opposed to double jeopardy grounds. *Gonzales*, 2013-NMSC-016, ¶ 26.

{9} Our Supreme Court stated

[t]he purpose of a compulsory joinder statute, viewed as a whole, is twofold: (1) to protect a defendant from the governmental harassment of

6

being subjected to successive trials for offenses stemming from the same criminal episode; and (2) to ensure finality without unduly burdening the judicial process by repetitious litigation.

*Id.* (alternation, internal quotation marks, and citation omitted). The Court emphasized that, "The rule is mandatory; it is not a discretionary or permissive rule; it demands that the [s]tate join certain charges." *Id.* ¶ 25 (internal quotation marks and citation omitted).

{10}     Applying Rule 5-203(A) and its underlying principles, the Court concluded that the state initially should have charged the defendant with both vehicular homicide and child abuse. *See Gonzales*, 2013-NMSC-016, ¶ 25. "Joinder is designed to protect a defendant's double-jeopardy interests where the state initially declines to prosecute him for the present offense, electing to proceed on different charges stemming from the same criminal episode." *Id*. ¶ 26 (alteration, internal quotation marks, and citation omitted). The Court emphasized that the state made deliberate, knowing decisions at three junctures in the first proceeding to *not* join vehicular homicide to the pending child abuse charge. *See id*. ¶ 32. Instead, the state elected to pursue an "all-or-nothing trial strategy." *Id.* ¶ 33. Particularly in light of these considerations, the Court determined that the proper remedy for the state's failure to join the vehicular homicide charge in the first proceeding was to bar the state from bringing it in a second proceeding. *See id*. ¶¶ 30, 34.

**{11}** In *State v. Aragon*, 2017-NMCA-005, ¶ 2, 387 P.3d 320, this Court affirmed the denial of a defendant's Rule 5-203(A) challenge on two independent grounds. In that case, the defendant was stopped by the police "for driving 111 miles per hour in a 55 mile-per-hour zone." *Aragon,* 2017-NMCA-005, ¶ 2. During the traffic stop, the police officer determined that the defendant was impaired and arrested him for DWI. *See id*. The defendant initially was charged in magistrate court with felony DWI, but that charge was quickly dismissed when the prosecution decided it needed to investigate the number of the defendant's prior DWI convictions. *See id*. ¶ 3. The defendant was separately charged two days later in magistrate court for speeding; the defendant pled no contest to that charge and paid the fine. *See id*. Three months later, after completing its investigation, the state charged the defendant with per se (0.08) DWI, a misdemeanor. *See id*. ¶¶ 4, 9. Pursuant to Rule 5-203(A), the defendant moved to dismiss the DWI charge, but the magistrate court denied the motion. *Aragon*, 2017-NMCA-005, ¶ 4. Following conviction, the defendant appealed to the district court, which also rejected the defendant's compulsory joinder argument and then again found him guilty of DWI. *Id.* ¶ 5.

**{12}** After noting the purpose of Rule 5-203(A) as articulated in *Gonzales*, and based in part on the fact that "the speeding offense played no part in the per se 0.08 charge and conviction[,]" the *Aragon* court held that the two offenses were "not of the same

8

or similar character, nor [were] the offenses based on the same conduct." 2017-NMCA-005, ¶ 9. Consequently, Rule 5-203(A) did not apply and thus joinder was not required. *See Aragon*, 2017-NMCA-005, ¶¶ 1, 9.

{13}    However, the Court reached the same conclusion on the basis of a second, independent ground: "In addition, to hold that joinder here was compulsory would, in our view, not be a rational disposition." *Id.* ¶ 9. The Court cited the American Bar Association Standards for Criminal Justice Section 13-2.3(d) (2d ed. 1980), and Model Penal Code Section 1.11(2) (Am. Law Inst. 2015), for the proposition that "a defendant's entry of a no contest plea to a lesser offense such as [a] traffic citation here does not bar a subsequent prosecution of an additional, greater offense even if the two offenses occur during one episode." *Aragon*, 2017-NMCA-005, ¶ 9. On that basis, we concluded that, "[a] defendant should not be allowed to bar his later prosecution simply by rushing to plead to a considerably lesser traffic offense." *Id.* We therefore affirmed, on both of these grounds, the district court's denial of the defendant's Rule 5-203(A) motion to dismiss. *See Aragon*, 2017-NMCA-005, ¶ 10.

**DISCUSSION**

{14}    On appeal, the State advances two arguments. First, it maintains that it is not bound by its concession in the district court that the aggravated DWI charge and the PCS charge arose from a series of connected acts. It now argues that, to the contrary,

9

the DWI and the PCS were not connected within the meaning of Rule 5-203(A), and that the district court therefore erred in finding a connection.

{15} Second, the State urges that we should recognize the same three limitations or exceptions to the scope of Rule 5-203(A) that it articulated in its response to Defendant's motion to dismiss below: (1) the lesser-greater charge limitation as discussed in *Aragon,* where a defendant may not avoid prosecution on greater (here, felony) charges in district court by quickly pleading to lesser (here, misdemeanor) charges; (2) the jurisdictional exception, where the initial prosecution occurs in a court (here, magistrate) without jurisdiction to try the subsequently brought charges (here, felony) in district court; (3) the sufficiency of the evidence limitation, where the State lacks sufficient evidence to warrant a charge (here, PCS) until after the initial charges are resolved.

{16} Defendant's responses to the State's three arguments are: (1) the State is bound by its concession; (2) the State waived any objection to the district court's dismissal when it conceded the issue it now raises on appeal; (3) to limit Rule 5-203(A) and prosecute Defendant for PCS would violate Defendant's due process rights and double jeopardy rights.

{17} "In determining the proper application of procedural rules, our review is de novo." *State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158.

10

## A. The State Is Bound by Its Concession That the Aggravated DWI Charge and the PCS Charge Arose From a Series of Connected Acts

**{18}** Rule 12-321 NMRA provides that in order "[t]o preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked." "In order to preserve an issue for appeal, a [party] must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 (internal quotation marks and citation omitted). As recognized by this Court, "[t]he rule serves many purposes: it provides the lower court an opportunity to correct any mistake, it provides the opposing party a fair opportunity to show why the Court should rule in its favor, and it creates a record from which this Court may make informed decisions." *State v. Joanna V.*, 2003-NMCA-100, ¶ 7, 134 N.M. 232, 75 P.3d 832.

**{19}** In its response to the motion to dismiss, the State straightforwardly acknowledged that the DWI and the PCS charges were "a series of acts . . . connected together." During the hearing on Defendant's motion to dismiss, the district court asked why the aggravated DWI charge and the PCS charge were connected together for the purposes of Rule 5-203(A). The prosecutor unambiguously responded, "Judge, he's charged with [DWI] under the influence of alcohol and drugs, and he [had] cocaine in his shoe. To me, these are connected together; I will concede that in this scenario.". In the face of this concession, the State cannot credibly maintain that it

11

fairly invoked a ruling by the district court that the two crimes were not a connected series of events and thus Rule 5-203(A) was not facially applicable. We therefore conclude that the State failed to preserve the claimed error and is now barred from challenging that ruling on appeal. *See State v. Dominguez*, 2008-NMCA-029, ¶ 13, 143 N.M. 549, 178 P.3d 834 ("We will not allow the State to invite error and then to complain of it.").

{20}     However, we reject Defendant's argument that the State waived *any* objection to dismissal of the PCS charge when it conceded that the two charges were connected. The State argued below in its written response to the motion to dismiss that the district court should recognize the three exceptions or limitations to the applicability of Rule 5-203(A) summarized above, and for that reason the district court should not dismiss the felony charge.

**B.     The Lesser-Greater Charge Exception to Rule 5-203(A) Recognized in *Aragon* Is Applicable to the PCS Charge Brought Against Defendant**

{21}     This Court's recognition in *Aragon* of a lesser-greater charge exception to the applicability of Rule 5-203(A) mandates reversal of the district court's dismissal of the PCS charge against Defendant. 2017-NMCA-005, ¶ 5. *Aragon* holds that, where a defendant pleads guilty or no contest to a lesser offense, the State will not be barred by Rule 5-203(A) in bringing a second prosecution for an additional, greater offense even if the two offenses occur during one episode. Here, Defendant pled guilty in

magistrate court to two misdemeanors: aggravated DWI and driving with a revoked license. He was sentenced to seven days in jail. He then moved for dismissal of his PCS charge, a fourth degree felony punishable by up to eighteen months confinement that was pending in district court. *See* NMSA 1978, § 30-31-23(E) (2011) and NMSA 1978, § 31-18-15 (2016). Applying the exception recognized in *Aragon*, Defendant's misdemeanor pleas do not bar prosecution of the PCS charge. Therefore, the district court erred in dismissing the PCS charge based on the State's failure to join the charge with the petty misdemeanor charges.

{22} While *Gonzales* describes Rule 5-203(A)'s joinder requirement as "not . . . discretionary[,]" *Gonzales*, 2013-NMSC-016, ¶ 25, we do not believe the decision compels a different result. *Gonzales* arose out of an entirely different procedural posture. There, the state deliberately chose not to join the vehicular homicide charge with the child abuse charge in the first proceeding against the defendant, and instead sought to pursue the vehicular homicide charge only after losing on the child abuse charge. *Id.* ¶ 12. Thus, that case fell squarely within the scenario against which compulsory joinder is intended to protect: "Joinder is designed to protect [against] a defendant's double-jeopardy interests where the state initially declines to prosecute him for the present offense, electing to proceed on different charges stemming from the same criminal episode." *Id.* ¶ 26 (alteration, internal quotation marks, and citation

omitted). Given that posture, our Supreme Court determined that "[a] bar against a subsequent prosecution on charges that should have been joined under Rule 5-203(A) is the only effective remedy to enforce the mandatory nature of the rule." *Id.* ¶ 30.

**{23}** Here, in contrast, the State did not wait to bring the felony PCS charge against Defendant until after the misdemeanor charges were resolved, and instead acted immediately following his arrest in indicting Defendant in district court. Further, Defendant's subsequent decision to plead guilty to the misdemeanor charges (but not to the pending felony charge) raises a question if not an inference that he did so deliberately to set the stage for dismissal of the more serious charge. *Cf. State v. Rodriguez*, 2005-NMSC-019, ¶ 28, 138 N.M. 21, 116 P.3d 92 (stating that "the logistical difficulties inherent in our multi-tiered judiciary should not allow the defendants to evade felony charges by pleading to minor charges in municipal court immediately following arrest"); *State v. Goodson*, 1950-NMSC-023, ¶¶ 17-18, 54 N.M. 184, 217 P.2d 262 (applying the jurisdiction exception to double jeopardy prohibition against successive prosecutions in context of prosecutions for greater and lesser included offenses: "Reason and logic do not support a rule whereby one guilty of the crime of rape may escape a possible sentence of [ninety-nine] years in the penitentiary by the expedient of pleading guilty to a charge of assault and battery in a justice court where the penalty may be as low as a fine of $5.00.").

14

**{24}** Rule 5-203(A) was first implicated on August 13, 2015, the day of the PCS indictment. The potential issue would have been apparent on or about June 23, 2015, shortly after Defendant's arrest, when Defendant was sent a grand jury target notice. Defendant did not raise the issue at any time prior to November 24, 2015, when he pled guilty to the misdemeanor in magistrate court. Indeed, he did not file his motion to dismiss until February 19, 2016. Defendant could have invoked Rule 5-203(A) prior to November 24, 2015, to require the State to prosecute all of the pending charges in one proceeding, i.e., dismiss the magistrate court case and refile the misdemeanor charges in the district court case. We do not assume that our Supreme Court would intend that the extreme remedy of dismissal applied in the much different procedural context of *Gonzales* should be applied here *following* Defendant's magistrate court guilty pleas. In other words, Defendant should not be permitted to profit in that manner from his delay in asserting his rights under the rule.

**CONCLUSION**

**{25}** We reverse the district court's dismissal of the PCS charge. We therefore need not consider the parties' remaining arguments. We remand this case to the district court for further proceedings consistent with this opinion.

**{26}** **IT IS SO ORDERED.**

_____

15

                                        **HENRY M. BOHNHOFF, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**


_____
**JULIE J. VARGAS, Judge**