This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                              **No. A-1-CA-35565**

**NICHOLAS EDWARD BRAVO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellant

Law Works, LLC
John A. McCall
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**BOHNHOFF, Judge.**

{1}     A City of Las Cruces police officer stopped Nicholas Edward Bravo

(Defendant) on suspicion of violating curfew as the latter was walking down a city street. The officer ultimately arrested and charged Defendant in Las Cruces Municipal Court with petty misdemeanor violations of resisting/obstructing arrest, concealing identity, and possession of drug paraphernalia under the Las Cruces Municipal Code. Defendant was charged under state law in Doña Ana County Magistrate Court, and later was indicted in the district court, for possession of a controlled substance (methamphetamine) (PCS), a felony, and possession of drug paraphernalia, a misdemeanor. After Defendant pled guilty in Las Cruces Municipal Court to the petty misdemeanors, he moved to dismiss the state law charges pursuant to the compulsory joinder rule set forth in Rule 5-203(A) NMRA. The district court granted the motion. We reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

{2}     At around 1:24 a.m. on August 7, 2015, Officer Alexander Smith observed Defendant and a young female walking down a Las Cruces street. Believing Defendant was a minor, Officer Smith stopped Defendant to ask what he was doing out so early in the morning. While Officer Smith was speaking with Defendant, Defendant began to move his hand toward his waist band. Because Defendant's clothes were baggy and he could not see what Defendant was reaching for, Officer Smith asked if Defendant had any weapons. Defendant responded that he had a knife

2

in his pocket. Officer Smith instructed Defendant to refrain from reaching for the knife, conducted a pat down of Defendant, and recovered the knife. During the pat down of Defendant, the female dropped a second knife from her pants. Officer Smith instructed both Defendant and the female to back away from the knife and recovered it.

{3} Officer Smith then asked Defendant for identifying information. Defendant provided a name and date of birth that turned out to be false. Defendant then gave Officer Smith consent to search his person. After Officer Smith removed Defendant's wallet and found Defendant's ID, it was apparent that Defendant had been concealing his identity. Defendant attempted to run away, but Officer Smith grabbed Defendant by his shirt, handcuffed him, and placed him under arrest for concealing his identity and resisting arrest. Officer Smith finished his search of Defendant and found a black case containing a glass pipe with tar residue along with three unidentified pills. A second police officer transported Defendant to a police substation. The second officer conducted a search of Defendant incident to arrest and discovered two plastic baggies—one containing an orange plastic strip believed to be Suboxone and the other containing what appeared to be white, crystal methamphetamine.

{4} Pursuant to the Las Cruces Municipal Code of Ordinances, later the same day charges were filed against Defendant in the Las Cruces Municipal Court for resisting,

3

evading, or obstructing an officer, Las Cruces, N.M., Code of Ordinances, art V, § 19-296 (1988); concealing identity, *id.*, art I, § 19-4 (1988); and possession of drug paraphernalia, *id.*, art I, § 19-6 (1988). Each of the three ordinances specify that the offenses are petty misdemeanors. The same day, a criminal complaint was filed in Doña Ana County Magistrate Court, charging Defendant under state law with PCS, a felony. NMSA 1978, § 30-31-23(E) (2011).

**{5}** On August 20, 2015, a district court grand jury indicted Defendant on PCS, as well as possession of drug paraphernalia in violation of NMSA 1978, Section 30-31-25.1(A)(2001), a misdemeanor. On the same day, Defendant pled guilty to the three municipal court charges. On January 26, 2016, Defendant moved pursuant to Rule 5-203(A) to dismiss the district court charges. Defendant argued that the offenses to which he had pled guilty in municipal court and those with which he was charged in district court arose out of the same conduct; therefore, under Rule 5-203(A), the State was required to join the charges in one complaint, indictment or information. Citing *State v. Gonzales*, Defendant requested dismissal of the district court charges. 2013-NMSC-016, ¶ 30, 301 P.3d 380.

**{6}** The State conceded the facial applicability of Rule 5-203(A): "[t]he State concurs that Defendant's offenses committed on August 7, 2015, do constitute a series of acts connected together or constituting parts of a single scheme or plan per Rule 5-

4

203(A), and, as such, would have been joined under normal circumstances." (alteration and internal quotation marks omitted). The State nevertheless argued that the district court should limit application of the remedy announced in *Gonzales* for violation of the rule—dismissal of the second prosecution—to the circumstances present in *Gonzales* where the State has "deliberately 'sav[ed] back' charges to harass Defendant or disrupt the finality of the judicial process." Alternatively, the State urged the court to recognize two limitations or exceptions to the application of Rule 5-203(A), either of which it argued would dictate denial of Defendant's motion. First, compulsory joinder should be limited to offenses within the jurisdiction of the court. Second, the rule should not be applicable where the defendant quickly pleads guilty or no contest to a lesser charge and then uses that conviction as a basis for seeking dismissal of a greater charge.

{7}    At an April 1, 2015, hearing the State acknowledged a double jeopardy infirmity as to the state law drug paraphernalia charge and stipulated to its dismissal. At the conclusion of the hearing, the district court dismissed the felony charge. The court ruled that the methamphetamine and drug paraphernalia possession charges and the three municipal court charges were subject to compulsory joinder pursuant to Rule 5-203(A). The court declined to narrowly interpret or recognize an exception to the mandatory rule articulated in *Gonzales*, and therefore concluded that the municipal

5

court prosecution acted as a bar to the felony prosecution. Following entry of an order granting Defendant's motion and dismissing the felony charge, the State has appealed.

**LEGAL BACKGROUND**

{8}    Rule 5-203(A) states:

>    Two or more offenses shall be joined in one complaint, indictment or information with each offense stated in a separate count, if the offenses, whether felonies or misdemeanors or both:

>    (1) are of the same or similar character, even if not part of a single scheme or plan; or

>    (2) are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan.

{9}    In *Gonzales*, the defendant had driven while intoxicated; the vehicle she was driving collided with another vehicle, killing a child. 2013-NMSC-016, ¶ 1. The state charged defendant alternatively with intentional and negligent child abuse but, "[c]uriously," not vehicular homicide. *Id.* ¶ 2. At trial, the defendant "was convicted of negligent child abuse." This Court subsequently reversed the conviction for lack of substantial evidence. *Id.* ¶ 3. We further held that principles of double jeopardy barred the state from prosecuting the defendant for vehicular homicide. *See id.* ¶ 12. On certiorari, our Supreme Court affirmed the determination that the State was barred from bringing a new charge of vehicular homicide. *See id.* ¶ 3. However, noting that double jeopardy and compulsory joinder are "two sides of the same coin," the Court

6

so ruled on Rule 5-203(A) as opposed to double jeopardy grounds. *Gonzales*, 2013-NMSC-016, ¶ 26.

{10}     The Court stated that

> [t]he purpose of a compulsory joinder statute, viewed as a whole, is twofold: (1) to protect a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode; and (2) to ensure finality without unduly burdening the judicial process by repetitious litigation.

*Id.* (alteration, internal quotation marks, and citation omitted). The Court emphasized that, "[t]he rule is mandatory; it is not a discretionary or permissive rule; it demands that the [s]tate join certain charges." *Id.* ¶ 25 (internal quotation marks and citation omitted).

{11}     Applying Rule 5-203(A) and its underlying principles, the Court concluded that the state initially should have charged the defendant with both vehicular homicide and child abuse. *See Gonzales*, 2013-NMSC-016, ¶ 25. "Joinder is designed to protect a defendant's double[]jeopardy interests where the state initially declines to prosecute him for the present offense, electing to proceed on different charges stemming from the same criminal episode." *Id.* ¶ 26 (alteration, internal quotation marks, and citation omitted). The Court emphasized that the state made deliberate, knowing decisions at three junctures in the first proceeding to *not* join vehicular homicide to the pending child abuse charge. *See id.* ¶ 32. Instead, the state elected to pursue an "all-or-nothing

trial strategy." *Id.* ¶ 33. Particularly in light of these considerations, the Court determined that the proper remedy for the state's failure to join the vehicular homicide charge in the first proceeding was to bar the state from bringing it in a second proceeding. *Id.* ¶¶ 30, 34.

{12} In *State v. Aragon*, 2017-NMCA-005, ¶ 2, 387 P.3d 320, this Court affirmed the denial of a defendant's Rule 5-203(A) challenge on two independent grounds. In that case, the defendant was stopped by the police "for driving 111 miles per hour in a 55 mile-per-hour zone." *Aragon*, 2017-NMCA-005, ¶ 2. During the traffic stop, the police officer determined that the defendant was impaired and arrested him for DWI. *Id.* The defendant initially was charged in magistrate court with felony DWI, but that charge was quickly dismissed when the prosecution decided it needed to investigate the number of the defendant's prior DWI convictions. *Id.* ¶ 3. The defendant was separately charged two days later in magistrate court for speeding; the defendant pled no contest to that charge and paid the fine. *See id.* Three months later, after completing its investigation, the state charged the defendant with per se (0.08) DWI, a misdemeanor. *Id.* ¶¶ 4, 9. Pursuant to Rule 5-203(A), the defendant moved to dismiss the DWI charge, but the magistrate court denied the motion. *See Aragon*, 2017-NMCA-005, ¶ 4. Following conviction, the defendant appealed to the district court, which also rejected the defendant's compulsory joinder argument, and then to this

8

Court. *Id.* ¶¶ 5-6.

{13}     After noting the purpose of Rule 5-203(A) as articulated in *Gonzales*, and based in part on the fact that "the speeding offense played no part in the . . . 0.08 charge and conviction[,]" the Court held that the two offenses were "not of the same or similar character, nor [were] the offenses based on the same conduct." *Aragon*, 2017-NMCA-005, ¶ 9. Consequently, Rule 5-203(A) did not apply and thus joinder was not required. *Aragon*, 2017-NMCA-005, ¶¶ 1, 9.

{14}     However, the Court reached the same conclusion on the basis of a second, independent ground: "*In addition*, to hold that joinder here was compulsory would, in our view, not be a rational disposition." *Id.* ¶ 9 (emphasis added). The Court cited the American Bar Association Standards for Criminal Justice Section 13-2.3(d) (2d ed. 1980), and the Model Penal Code Section 1.11(2) (Am. Law Inst. 2015), for the proposition that "a defendant's entry of a no contest plea to a lesser offense such as the traffic citation here does not bar a subsequent prosecution of an additional, greater offense even if the two offenses occur during one episode." *Aragon*, 2017-NMCA-005, ¶ 9. On that basis, we concluded that, "[a] defendant should not be allowed to bar his later prosecution simply by rushing to plead to a considerably lesser traffic offense." *Id.* We therefore affirmed, on both of these grounds, the district court's denial of the defendant's Rule 5-203(A) motion to dismiss. *Aragon*, 2017-NMCA-

9

005, ¶ 10.

**DISCUSSION**

{15} On appeal, the State sets forth two arguments: First, it argues that the *Gonzales* remedy for violation of Rule 5-203 should not apply where a defendant quickly pleads to lesser charges in a court of limited jurisdiction, because in that situation the purposes underlying compulsory joinder are not present. Second, and alternatively, the State urges that we should recognize two exceptions to the scope of Rule 5-203(A): (1) the lesser–greater charge limitation as discussed in *Aragon*, where a defendant may not avoid prosecution on greater (here, felony) charges in district court by quickly pleading to lesser (here, petty misdemeanor) charges; and (2) the jurisdictional exception, where the initial prosecution occurs in a court (here, municipal) without jurisdiction to try the subsequently brought charges (here, felony).

{16} Defendant's response is three-fold: First, he contends the *Aragon* exception to Rule 5-203(A) is limited to its facts, that is, where the greater charge and the lesser charge do not arise out of the same occurrence. Defendant effectively posits that *Aragon*'s alternative holding is dicta. Second, Defendant argues that the *Aragon* exception is limited to situations in which the agent of the State (here, the Las Cruces police officer) who initiates the lesser criminal charges is not aware of or otherwise has no prosecutorial control over filing the greater charges, and thus can be excused

10

for not bringing the charges in one proceeding. Third, Defendant maintains that the municipal code violations to which he pled could have been brought in the district court, and for that reason the State's proposed jurisdictional exception is not applicable.

{17}     "In determining the proper application of procedural rules, our review is de novo." *State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158.

**A.     The Lesser-Greater Charge Exception to Rule 5-203(A) Recognized In *Aragon* is Applicable to the Methamphetamine Charge Brought Against Defendant**

{18}     This Court's recognition in *Aragon* of a lesser-greater charge exception to the applicability of Rule 5-203(A) mandates reversal of the district court's dismissal of the PCS charge against Defendant.

{19}     First, we observe that where a court bases a decision on two independent grounds, both constitute the court's holding and neither are mere dicta. *See, e.g.*, *Chase v. Lujan*, 1944-NMSC-027, ¶ 36, 48 N.M. 261, 149 P.2d 1003 (holding that where a court rules on the basis of two grounds, although it might have rested its decision on one ground only, the second ground is not dictum); *see also Martinez v. C. R. Davis Contracting Co.*, 1964-NMSC-008, ¶ 27, 73 N.M. 474, 389 P.2d 597 (Noble and Carmody, JJ., dissenting) (holding that when more than one question is raised and argued, even though one point might have disposed of the entire case on

11

the merits, the determination of the other question or questions is not dicta). Because neither of the alternative holdings in *Aragon* is considered dicta, both constitute precedent that we ordinarily will follow. *See Padilla v. State Farm Mut. Auto. Ins. Co.*, 2003-NMSC-011, ¶ 7, 133 N.M. 661, 68 P.3d 901 (holding that "[t]he principle of stare decisis dictates adherence to precedent . . . and promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process" (internal quotation marks and citation omitted)).

{20}     Second, *Aragon* holds in the alternative that, where a defendant pleads guilty or no contest to a lesser offense, the State will not be barred by Rule 5-203(A) in bringing a second prosecution for an additional, greater offense even if the two offenses occur during one episode. Here, Defendant pled guilty in municipal court to three petty misdemeanors under the Las Cruces Municipal Code: resisting/obstructing arrest, concealing identity, and possession of drug paraphernalia. While the record does not reflect the sentence or fine that the municipal court imposed on Defendant, the offenses are punishable by imprisonment of not more than ninety days or a fine of not more than $500 or both. *See* NMSA 1978, § 3-17-1(C)(1) (1993); *State v. Luna*, 1980-NMSC-009, ¶ 11, 93 N.M. 773, 606 P.2d 183, *abrogated on other grounds by Horton v. California*, 496 U.S. 128 (1990). He then moved for dismissal of his PCS

charge, a felony punishable by up to eighteen months confinement, that was pending in district court. NMSA 1978 § 31-18-15(A)(13) (2016). Applying the exception recognized in *Aragon*, Defendant's petty misdemeanor pleas do not bar prosecution of the PCS charge. Therefore, and irrespective of any possible jurisdictional obstacle to joint prosecution, the district court erred in dismissing the PCS charge based on the State's failure to join the charge with the petty misdemeanor charges.

{**21**}    In response, Defendant argues that the lesser-greater charge exception to compulsory joinder recognized in *Aragon* should not apply to situations in which the State's charging agents are aware of the greater charge at the time they file the lesser charges. *Aragon* is not so limited. In *Aragon*, the State initially charged the defendant with DWI but then dismissed it temporarily to investigate the number of his prior DWI convictions. 2017-NMCA-005, ¶ 3. Pending that investigation, the State charged the defendant with, and allowed him to plead guilty to, the speeding offense. After the plea, the State then recharged the DWI. *See id.* It therefore cannot be said that *Aragon*'s holding is limited to circumstances where the charging decisions are excused by the State's lack of awareness of the greater charge.

{**22**}    Third, while *Gonzales* describes Rule 5-203(A)'s joinder requirement as "not . . . discretionary[,]" we do not believe the decision compels a different result. 2013-NMSC-016, ¶ 25. *Gonzales* arose out of an entirely different procedural posture.

13

There, the state deliberately chose not to join the vehicular homicide charge with the child abuse charge in the first proceeding against the defendant, and instead sought to pursue the vehicular homicide charge only after trying and losing on the child abuse charge. *See id.* ¶ 12. Thus, that case fell squarely within the scenario against which compulsory joinder is intended to protect: "Joinder is designed to protect [against] a defendant's double-jeopardy interests where the state initially declines to prosecute him for the present offense, electing to proceed on different charges stemming from the same criminal episode." *Id.* ¶ 26 (alteration, internal quotation marks, and citation omitted). Given that posture, our Supreme Court determined that "[a] bar against a subsequent prosecution on charges that should have been joined under Rule 5-203(A) is the only effective remedy to enforce the mandatory nature of the rule." *Gonzales*, 2013-NMSC-016, ¶ 30.

**{23}** Here, in contrast, the State did not wait to bring the felony PCS charge against Defendant until after the petty misdemeanor charges were resolved, and instead acted immediately following his arrest in charging Defendant in magistrate court (indicting him two weeks later in district court). Further, Defendant's decision to plead guilty to the petty misdemeanor charges (but not to the pending felony charge) raises a question if not an inference that he did so deliberately to set the stage for dismissal of the more serious charge. *Cf. State v. Rodriguez*, 2005-NMSC-019, ¶ 28, 138 N.M. 21,

116 P.3d 92 (stating that "the logistical difficulties inherent in our multi-tiered judiciary should [not] allow defendants to evade felony charges by pleading to minor charges in municipal court immediately following arrest"); *State v. Goodson*, 1950-NMSC-023, ¶ 18, 54 N.M. 184, 217 P.2d 262 (applying the jurisdiction exception to double jeopardy prohibition against successive prosecutions in context of prosecutions for greater and lesser included offenses). "Reason and logic do not support a rule whereby one guilty of the crime of rape may escape a possible sentence of [ninety-nine] years in the penitentiary by the expedient of pleading guilty to a charge of assault and battery in a justice court where the penalty may be as low as a fine of $5.00." *Id.*

{24}     Rule 5-203(A) was first implicated on August 7, 2015, the day of Defendant's arrest, when the felony PCS charge was filed in magistrate court. Defendant did not raise the issue at any time prior to August 20, 2015, when he pled guilty in magistrate court. Indeed, he did not file his motion to dismiss until January 26, 2016. Defendant could have invoked Rule 5-203(A) prior to August 20, 2015, to demand that the State prosecute all of the pending charges in one proceeding.[1] We do not assume that our

---

[1]We assume, for purposes of discussion, the absence of any jurisdictional obstacles to prosecuting the municipal code offenses in magistrate or district court. *But see* NMSA 1978, Section 35-3-4(B) (1985) (explaining that the magistrate court has jurisdiction over offenses under municipal ordinance if municipality has adopted authorizing ordinance).

Supreme Court would intend that the extreme remedy of dismissal applied in the much different procedural context of *Gonzales* should be applied here *following* Defendant's municipal court guilty pleas. In other words, Defendant should not be permitted to profit in that manner from his delay—whether deliberate or not—in asserting his rights under the rule.

**B.      Remaining Issues**

{25}      Because we reverse on the basis of the lesser-greater charge exception to Rule 5-203(A) as recognized in *Aragon*, we decline as unnecessary to the resolution of this appeal the State's invitation to recognize a jurisdiction exception to compulsory joinder.

**CONCLUSION**

{26}      We reverse the dismissal of the indictment against Defendant and remand to the district court for further proceedings in accordance with this opinion.

{27}      **IT IS SO ORDERED.**


                                             _____
                                             **HENRY M. BOHNHOFF, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA , Judge**

_____

**JULIE J. VARGAS, Judge**