This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36913

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**PATRICK WARD,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Margaret J. Crabb, Assistant Attorney General
Albuquerque, NM

for Appellee

Lahann Law Firm, LLC
Jeff C. Lahann
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**M. ZAMORA, Judge.**

**{1}**　　Defendant appeals his convictions for three counts of trafficking cocaine, entered, pursuant to a conditional plea in which Defendant reserved the right to appeal the district court's order denying his motion to dismiss under the compulsory joinder rule. Rule 5-203(A) NMRA. Defendant contends the current cocaine trafficking charges should be dismissed for the failure to join them in a single indictment with (1) his charge for marijuana distribution in D-307-CR-2014-01227 and (2) his charges for trafficking

cocaine by possession with the intent to distribute and resisting, evading, or obstructing an officer during his arrest in D-307-CR-2014-01255. Defendant argued below, and contends on appeal, the current trafficking cocaine charges are similar in character and arise out of the same conduct for which he was already convicted in the other two cases. We affirm.

## BACKGROUND

**{2}** There is no dispute that the same state police narcotics division (Metro) was involved in the investigation of Defendant, in the undercover purchase of drugs from Defendant, and in the arrest of Defendant in all three cases. Metro's involvement in the charges began with the current case, when, on July 3, 2014, Defendant sold cocaine to undercover Agent Edgar Vega. Defendant sold cocaine to undercover Agent Vega again on July 9, 2014, and July 17, 2014. The three purchases were made in order to establish "the extent and frequency of the trafficker's activity." The purchased cocaine was sent to the New Mexico Department of Public Safety Forensic  Laboratory for expert analysis, and on April 30, 2015, it returned a report from a forensic scientist positively identifying the substance as cocaine. Defendant was charged by criminal complaint with three counts of trafficking cocaine on November 18, 2015.

**{3}** During the July 9, 2014 cocaine transaction, "Defendant asked Agent Vega if he knew anyone interested in purchasing marijuana." Agent Vega contacted Agent David Elston, also with Metro. Agent Elston, acting undercover, negotiated the purchase of marijuana from Defendant that same day. Defendant was arrested for distribution of marijuana on November 20, 2014. This single purchase formed the basis for the charge in D-307-CR-2014-01227.

**{4}** While Defendant was being arrested for distribution of marijuana on November 20, 2014, Defendant was found in possession of cocaine and was charged with trafficking cocaine by possession with the intent to distribute and resisting, evading, or obstructing an officer during the arrest. This formed the basis of Defendant's charges in D-307-CR-2014-01255.

**{5}** On January 27, 2016, Defendant entered separate guilty pleas to the charges in D-307-CR-2014-01255 and D-307-CR-2014-01227, and the district court deferred sentencing on both cases. In Defendant's motion to dismiss the current charges, Defendant asserted that as he left the courtroom on January 27, 2016, he was served with an arrest warrant on the three cocaine trafficking charges. Defendant argued in district court that all the charges should have been joined in a single indictment and that he was being charged for the same series of acts for which he was already convicted.

**{6}** The district court disagreed, setting forth the distinct circumstances underlying the charges in the cases, and stated that the offenses in the current case were unknown to the prosecution and uncharged at the time Defendant was indicted in the other two cases. Defendant entered a conditional no-contest plea, reserving the right to appeal the denial of his motion to dismiss.

**DISCUSSION**

**{7}** Defendant's arguments emphasize the similarity of the offenses charged in the separate cases, and the similarity of the actors involved in the offenses, and they explain how the offenses were connected, contending that they constituted parts of a single scheme or plan. We note the parties do not address the district court's statements regarding which charges the prosecution was aware of at any given time. Rather, the parties on appeal address only whether the charges in the three cases were of the same or similar character or part of the same scheme or plan under Rule 5-203(A). We do the same. *See State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684 ("Under the right for any reason doctrine, we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." (internal quotation marks and citation omitted)); *cf. State v. Serna*, 2018-NMCA-074, ¶¶ 29-34, 429 P.3d 1283 (refusing to apply right for any reason, where the grounds were undeveloped on appeal and raised for the first time on appeal).

**{8}** The district court's order denying dismissal under Rule 5-203(A) involves a question of law we review de novo. *See State v. Webb*, 2017-NMCA-077, ¶ 11, 404 P.3d 804.

**{9}** Rule 5-203(A) states:

> Two or more offenses shall be joined in one complaint, indictment or information with each offense stated in a separate count, if the offenses, whether felonies or misdemeanors or both:
>
> (1)   are of the same or similar character, even if not part of a single scheme or plan; or
>
> (2)   are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan.

**{10}** The New Mexico Supreme Court has described compulsory joinder as "closely related [to double jeopardy]—two sides of the same coin." *State v. Gonzales*, 2013-NMSC-016, ¶ 26, 301 P.3d 380. The Supreme Court explained, "Joinder is designed to protect a defendant's double-jeopardy interests where the state initially declines to prosecute him [or her] for the present offense, electing to proceed on different charges stemming from the same criminal episode." *Id.* (alteration, internal quotation marks, and citation omitted). Viewing the rule as a whole, the Supreme Court stated that the overall purpose of the compulsory joinder rule "is twofold: (1) to protect a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode; and (2) to ensure finality without unduly burdening the judicial process by repetitious litigation." *Id.* (internal quotation marks and citation omitted).

**{11}** Our review of the records in D-307-CR-2014-01227 and D-307-CR-2014-01255 shows that Defendant never argued for joinder of those two cases, and Defendant does not specify with which of these two cases Defendant believes the current trafficking cocaine charges should have been joined. Defendant also fails to engage in any analysis of the propriety of joinder, which we would examine to determine whether prejudicial "evidence of each episode would be admissible in a trial of the other." *State v. Smith*, 2016-NMSC-007, ¶ 51, 367 P.3d 420 (internal quotation marks and citation omitted). Regardless, under our developing case law, we are not persuaded that Defendant's actions underlying the current trafficking cocaine charges stem from "the same criminal episode" and hold that they were not of the same or similar character as the offenses charged in either D-307-CR-2014-01227 or D-307-CR-2014-01255 and were not otherwise required to be joined with either case. *See Gonzales*, 2013-NMSC-016, ¶ 26 (construing Rule 5-203(A) to prohibit the state from separately prosecuting offenses "stemming from the same criminal episode" (internal quotation marks and citation omitted)). This Court has acknowledged that the language of Rule 5-203(A) is broad and largely unexplained, and that the Supreme Court has stated its purpose but provided no specific limitations thereto. *See State v. Aragon*, 2017-NMCA-005, ¶ 8, 387 P.3d 320. Without any limiting principles or guidance for the rule's ambiguities, our appellate courts are tasked with defining the limitations of the compulsory joinder rule on a case-by-case basis. *See id.* ¶ 9 n.4; *Webb*, 2017-NMCA-077, ¶ 16.

**{12}** Recently, in determining whether two offenses were of the same or similar character or based on the same conduct, this Court examined whether the separately charged offenses played a part in the charge and conviction of the other. *See Aragon*, 2017-NMCA-005, ¶ 9. In *Aragon*, the defendant sought dismissal of his misdemeanor, per se DWI charge for the failure to join it with his prosecution for speeding, where both charges arose from the same traffic stop. *Id.* ¶¶ 1-2. We held that "the speeding offense played no part in the per se 0.08 charge and conviction." *Id.* ¶ 9. Based on this reasoning, we concluded "the offenses are not of the same or similar character, nor are the offenses based on the same conduct." *Id.*

**{13}** Applying *Aragon*, we fail to see how Defendant's single sale of marijuana to Agent Elston played any part in his three charges and convictions for trafficking cocaine based on his sales of cocaine to Agent Vega. These were separate transactions of different drugs to different people at different places, and the offenses were separately investigated and supported by separate proof. We hold that the offenses are not based on the same conduct, nor are they of the same or similar character for purposes of compulsory joinder. *See id.*; *cf. Smith*, 2016-NMSC-007, ¶ 54 (holding that joinder was required where there was a connected series of acts that constituted integrated efforts to execute a single plan or scheme that are not distinct incidents and not separated by dates or place).

**{14}** Also significant, Defendant's separately charged offenses resulted in different degrees of felony charges—the sale of marijuana constituted a single fourth-degree felony, while the current trafficking cocaine charges constituted three second-degree felonies. In *Aragon*, 2017-NMCA-005, this Court also ruled on an independent ground

that scrutinized the degree of the criminal charge of which the defendant sought dismissal under the joinder rule. *Id.* ¶ 9. There, the defendant pleaded no contest to speeding in magistrate court, while the state dismissed the DWI charge against the defendant in magistrate court to accommodate an investigation into the number of the defendant's useable prior DWI convictions for it to determine the degree of DWI offense with which it would charge the defendant. *Id.* ¶¶ 3-4. The state ultimately charged the defendant with second-offense misdemeanor DWI also in magistrate court, and the defendant sought dismissal of the greater DWI charge for the failure to join it with the speeding citation. *Id.* ¶¶ 4-5. We held that where a defendant pleads guilty or no contest to a lesser offense, the state will not be barred from prosecuting the greater offense by Rule 5-203(A), even if the offenses occurred during one criminal episode. *Aragon*, 2017-NMCA-005, ¶ 9 (citing American Bar Association (ABA) Standards for Criminal Justice Section 13-2.3(d) (2d ed. 1980) and Model Penal Code Section 1.11(2) (Am. Law Inst. 2015)).

**{15}** Here, Defendant pleaded guilty to the charge of distribution of marijuana, a fourth-degree felony, on January 27, 2016. That same day, Defendant was charged with three second-degree felony cocaine trafficking offenses. Consistent with the reasoning in *Aragon*, Defendant's plea to the single fourth-degree felony distribution of marijuana charge should not bar the State from later prosecuting Defendant for the three greater second-degree felony cocaine trafficking offenses that were based on three different drug transactions with different people, which were investigated separately and on a different time line. *See* 2017-NMCA-005, ¶ 9.

**{16}** Even more attenuated from Defendant's current charges are Defendant's charges of trafficking cocaine by possession with the intent to distribute and resisting arrest. These charges arose from an incident in which a third agent, Agent Luis Rios, served Defendant with an arrest warrant four months after the incidents underlying Defendant's current charges, and, upon arrest, found him in possession of cocaine. These charges played absolutely no part in Defendant's charges and convictions for selling cocaine to Agent Vega on three occasions four months earlier.

**{17}** We also acknowledge the requirement, most relevant to these charges, that there must be a "logical relationship between the offenses," not just a "mere factual similarity of events." *State v. Paiz*, 2011-NMSC-008, ¶ 16, 149 N.M. 412, 249 P.3d 1235 (internal quotation marks and citation omitted). In *Paiz*, the Supreme Court ruled that joinder was not proper where it was the defendant's offense in combination with law enforcement's actions that provided the connection between the joined offenses. *Id.* ¶ 17. Based on this reasoning, the Court concluded that there was no logical relationship between the shooting and drug trafficking offenses where the detectives' search of a home for evidence connected to a prior shooting revealed evidence of drug trafficking unrelated to the shooting. *See id.* There is an even greater lack of a logical relationship in the current case and a similarly insufficient connection that is provided only by law enforcement's actions. Here, it was Agent Rios's arrest of Defendant for the trafficking marijuana offense that led to the agent's discovery of Defendant's cocaine possession. We conclude that there is no logical relationship between Defendant's current cocaine

trafficking offenses and the offenses that resulted from his arrest four months later on a different charge to warrant joinder.

**CONCLUSION**

**{18}**  Based on the foregoing, we hold that the district court did not err by denying Defendant's motion to dismiss for violation of Rule 5-203(A), and affirm Defendant's convictions.

**{19}  IT IS SO ORDERED.**

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**